## *In re* PETITION OF ROGERS.

1. EMINENT DOMAIN — REVIEW — POWERS OF SUPREME COURT IN REVIEWING AWARD FOR COMPENSATION.

   While the Supreme Court, in reviewing condemnation proceedings, may not substitute its judgment for that of the court commissioners, within the range of legitimate evidence it may shear the case of speculative evidence, inducing improper deductions, and determine whether the compensation awarded was adjusted upon an improper basis or departs from the evidence.

2. SAME—BONA FIDE EFFORT TO PURCHASE LAND JURISDICTIONAL —MUST BE ALLEGED AND PROVED.

   Under 1 Comp. Laws 1915, §§ 4357, 4358, a *bona fide* endeavor to acquire land for public purposes by purchase is mandatory, and, therefore, jurisdictional, in the sense of a condition precedent to the right to invoke the power of eminent domain; and effort to purchase must be alleged in the petition invoking the power of eminent domain and proved at some stage of the proceeding.

3. SAME—LANDOWNER MAY MOVE TO DISMISS IF JURISDICTIONAL FACTS NOT ALLEGED.

   Landowners are not required to plead, demur, or make formal answer to the petition, but may move to dismiss if it fails to aver jurisdictional facts; if jurisdictional facts are averred the landowner may leave the petitioner to his proofs, and, if not proved, the proceeding is at an end.

4. SAME—JURISDICTION NOT CONFERRED BY WAIVER OR ESTOPPEL.

   In proceedings to condemn land for public purposes, in the particular of failure to allege or prove jurisdictional facts, jurisdiction of the subject-matter may not be conferred by waiver or estoppel.

5. SAME—ALLEGATION OF EFFORT TO PURCHASE WITHOUT PROOF THEREOF INSUFFICIENT TO CONFER JURISDICTION—WAIVER.

   Averment in the petition invoking the power of eminent domain of endeavor to purchase the land was sufficient, *prima facie*, to authorize appointment of court commis-

---

On right to set off benefits against damages in eminent domain proceedings, see annotation in 9 L. R. A. (N. S.) 781; L. R. A. 1918A, 884.

sioners and open issues of fact, inclusive of jurisdictional prerequisites, but did not prove any alleged fact, call for traverse, dispense with evidence, or bring waiver by failure to move to dismiss before appointment of commissioners.

6. SAME—STATUTE STRICTLY CONSTRUED.

The statute of eminent domain (1 Comp. Laws 1915, §§ 4357, 4358) is to be strictly construed, and its jurisdictional conditions must be established in fact and may not rest upon technical waiver or estoppel.

7. SAME—BENEFITS COULD NOT BE DEDUCTED IN OFFER TO PURCHASE.

Under the statute, in negotiations to purchase land for highway purposes, the department officers and agents may not deduct benefits, although they may be urged in efforts to purchase.

8. SAME—BONA FIDE EFFORT TO PURCHASE INVOLVES WILLINGNESS TO PAY MARKET VALUE.

A *bona fide* effort to purchase involves a willingness to pay the market value of the land wanted, and this means the amount for which the property would actually. sell at the time; and that the landowner is unwilling to sell does not excuse the petitioner from making a reasonable effort to come to an agreement.

9. SAME—ARBITRARY OFFER OF INADEQUATE PRICE NOT BONA FIDE EFFORT TO PURCHASE.

An offer arbitrarily determined by the highway department, which was disproportionate to the market value of the land and merely formal and colorable, constituted no endeavor to purchase within the meaning of the statute.

10. SAME—BENEFITS TO BE DEDUCTED.

Benefits to remaining lands, upon establishing a new highway, to be deducted by the court commissioners in awarding compensation for the land taken, must be within the range of present view, . capable of financial realization within a reasonable period, and not based upon speculative forecasts contingent upon something so uncertain that it is. problematical if it will ever happen.

11. SAME—AWARD INADEQUATE UNDER EVIDENCE.

An award of approximately $600 per acre for land taken for highway purposes, *held*, inadequate, where the evi-

dence established the minimum value to be $2,500 per acre, even if the maximum speculative benefits are deducted.

12. SAME—LANDOWNER ENTITLED TO JUST COMPENSATION.
The landowner must yield to public necessity, but is entitled to just compensation, and this means no sacrifice.

Certiorari to Wayne; Murphy (Alfred J.), J. Submitted June 21, 1928. (Docket No. 89, Calendar No. 33,504.) Decided July 24, 1928. Rehearing denied October 1, 1928.

Petition by Frank F. Rogers, State highway commissioner, against Frederick.W. Boelter and others to condemn land for highway purposes. From an order of confirmation after an award, defendants bring certiorari. Reversed and remanded.

*Atkinson, O'Brien & Clark, Woodruff & Woodruff, Charles W. Kurth, Bernard F. Costello,* and *John Marx,* for appellants.

*Wilber M. Brucker,* Attorney General, and *Lincoln E. Bradt,* Assistant Attorney General, for appellee.

WIEST, J. Several landowners review, by certiorari, proceedings to condemn their lands in the townships of Ecorse and Brownstown, Wayne county, for the purpose of a public highway.

For the sake of brevity we will consider the case of Frederick W. Boelter, who owns a farm of 82 acres in the township of Ecorse, having a frontage of 160 rods on the West road and 84 rods on the Telegraph road, both being paved highways. The proposed road cuts through Mr. Boelter's farm diagonally, taking 3.938 acres, and leaving 8.44 acres on the west and the rest of the farm on the south of the highway. April 1, 1927, the State highway commissioner, by petition, asked the circuit court for Wayne county

to appoint court commissioners to determine the necessity for the road and fix the compensation to be paid owners for land taken, and alleged inability to purchase from the owners by negotiation. The circuit judge, in the return to the writ, states that, on April 25, 1927, the petition was heard, all parties being present, and both sides submitted a list of names from which court commissioners might be selected, and "no objection being interposed in any form or manner," he appointed three court commissioners. The commissioners heard the plaintiffs' proofs, denied Mr. Boelter's motion to dismiss the proceeding for want of proof of *bona fide* effort to purchase, and heard the proofs of the landowners, found the necessity, awarded Mr. Boelter $2,369, and made report. Objections to confirmation were duly filed. The objections were overruled and the report confirmed.

We find it necessary to consider but three points:

(1) Was there a *bona fide* effort made to purchase?
(2) If not, was the point waived by failure to raise it at the time the commissioners were appointed?
(3) Was the compensation inadequate?

The compensation awarded was evidently based upon a liberal deduction for remote, contingent, and purely speculative benefits, and, while we may not substitute our judgment for that of the court commissioners, within the range of legitimate evidence, we may shear the case of speculative evidence, inducing improper deductions, and determine whether the compensation was adjusted upon an improper basis or departs from the evidence. This we will consider later.

The circuit judge held that defendants were required to object, if they cared to raise the point of no proper effort to acquire their land by purchase, at the time of hearing the petition to appoint commissioners, and, not having done so, waived the point, and besides, by

joining in presenting a list from which the commissioners were to be selected and proceeding to a hearing before such commissioners, are estopped. Authority supporting such ruling exists in other States. In this State the statute (1 Comp. Laws 1915, §§ 4357, 4358) provides:

"If in the laying out, widening, changing or straightening of any road, it shall become necessary to take private property, the said board shall cause a survey of such proposed road to be made, together with an accurate description of the lands required therefor. Thereupon they shall endeavor to agree with each owner, resident of said county, for the purchase of a right of way over his land included within such description.    If they are able to agree with the owner thereof, they may purchase the same and pay therefor out of the funds under their control, and such lands shall then. be conveyed to the county for the use and purpose of a road.

"Whenever said board shall be unable to agree with any person interested in any parcel of such land, * * * the board may present to the circuit court or probate court of the county a petition, describing the proposed road and each parcel of land necessary therefor which they have been unable to acquire, giving the name of each person interested in each parcel so far as known, and praying for the appointment of three commissioners to determine the necessity of such proposed road, the necessity of taking each such parcel therefor, and to appraise the damages to be paid as compensation for such taking of each parcel for road purposes."

This court has repeatedly held that a *bona fide* endeavor to acquire the land by purchase is made mandatory by statute, and, therefore, is jurisdictional, in the sense of a condition precedent, to right to invoke the power of eminent domain.    An effort to purchase must be made, the fact must be alleged in the petition invoking the power of eminent domain, and proved at some stage of the proceeding.    Practice and procedure

upon this subject are not mapped by statute or rule. Landowners are not required to plead, demur, or make formal answer to the petition. They may move to dismiss, and should do so, if the petition fails to aver jurisdictional facts, but, if the petition makes proper averments, then the landowner may leave petitioner to his proofs, and if the jurisdictional fact alleged is not proved the proceeding is not justified and is at an end. In this particular, jurisdiction of the subject-matter may not be conferred by waiver or estoppel. The averment in the petition of endeavor to purchase was sufficient, *prima facie,* to authorize appointment of court commissioners and open issues of fact, inclusive of jurisdictional prerequisites, but did not prove any alleged fact, call for traverse, dispense with evidence, or bring waiver by failure to move to dismiss before appointment of commissioners. The statute of eminent domain is to be strictly construed, and its jurisdictional conditions must be established in fact and may not rest upon technical waiver or estoppel. We, therefore, must consider the merits of the objection on this point to the confirmation.

It appears that about two years before the petition herein was filed proceedings were commenced to condemn and were dismissed after our opinion in *Hendershott* v. *Rogers,* 237 Mich. 338, was reported. We now call attention to the evidence offered to sustain the averment of endeavor to purchase.

George W. Lee, employed by the highway department to purchase right of way, testified:

"Approximately two months ago I called on the property owners that are involved in this and tried to make a settlement. I was authorized by the State highway commissioner to make offers to these six property owners. I tried to settle on the same basis that we tried to settle before, but was not able to."

The "same basis," referred to the offer made two

years before of $300 per acre for lands in Ecorse township, and $500 per acre in Brownstown township. This offer of a flat price per acre bore small relation to the market value, and wholly ignored the appreciation in value of 200 per cent. during the preceding two years. The lowest value placed upon Boelter's land by witnesses for plaintiff was $2,500 per acre. The offer of $300 per acre constituted no real effort to purchase, was perfunctory only, for it negatived any purpose to negotiate. In negotiations to purchase, the department officers and agents could not deduct benefits. The law admits of no such deduction. Under the law, previous to Act No. 352, Pub. Acts 1925, even the court commissioners were not allowed to consider benefits in awarding compensation. The offer of $300 per acre for the Boelter land, considering the proof by plaintiff at the hearing that the land was worth from $2,500 to $3,000 per acre without the road, can only be explained on the theory that benefits were arbitrarily deducted. Of course, the fact of benefits may be urged in efforts to purchase, but may not be computed and arbitrarily made a condition of purchase. The price to be offered the landowners was fixed in Lansing by the State highway department, and an employee of the department was directed to make the offer. This offer of $300 per acre bore a take it or leave it spirit, for it was the only authority conferred upon the agent in sending him to negotiate a purchase. The highway department need not pay the price asked by a property owner, if not reasonable, neither is the property owner required to accept an inadequate price offered by the department, or, in case of refusal, be subjected to the expense and trouble of condemnation proceedings. The law intends a purchase based upon a fair and reasonable price reached in a good-faith effort to purchase. A *bona fide* effort to purchase involves a willingness to pay the market

value of the land wanted, and this means the amount for which the property would actually sell at the time. If the landowner is unwilling to sell, such fact does not excuse the plaintiff from making a reasonable effort to come to an agreement. *Schenectady R. Co.* v. *Lyon,* 85 N. Y. Supp. 40.

It is stated in 20 C. J. p. 895, with citation of many authorities, that:

"In order to satisfy the statutory requirement, there must be a *bona fide* attempt to agree. There must be an offer made honestly and in good faith, and a reasonable effort to induce the owner to accept it. An attempt which is merely formal or colorable is insufficient."

The offer determined in Lansing was so disproportionate to the market value as to be merely formal and colorable, invited rejection, and constituted no endeavor to purchase within the meaning of the statute.

Was the compensation awarded inadequate? A witness for plaintiff fixed the present value of Mr. Boelter's land at $2,500 per acre, as it is now suitable for subdivision purposes, and estimated that, with the proposed highway opened, giving frontage thereon available for subdivision purposes, the land would be worth about $3,500 per acre. This witness also said that the land had appreciated in value as much as 200 per cent. during the two years preceding the hearing. Another witness for plaintiff fixed the value of the Boelter land, without the road, at $3,000 per acre, and with the road, $3,500 to $3,750 per acre. This witness, in fixing the value, did so on the basis of subdivision purposes. About three-fourths of the property between Boelter's and the city of Detroit has not yet been improved. This witness also testified:

"The Boelter property, as it now stands, is available for subdivision purposes and has adequate business frontage, both on Telegraph road and West road."

Another of plaintiff's witnesses, handling subdivisions in the township of Ecorse, testified:

"I don't think that the big values will come inside of 10 years.    The man who holds it 10 years will make a fortune.

"Q. Am I fair in stating that, in your opinion, this property that we are concerned with, this six-mile strip, will contain business buildings for (in) ten years?

"A. No, you are not.

"Q. Do you think it will be?

"A. If you will tell me what the population of Detroit will increase in any given number of years I will answer your question."

This was a fair answer, and, without the information mentioned, prospective values are highly speculative.

Another witness for plaintiff testified:

"The Boelter property is worth today as it stands $2,750 per acre.    *    *    *    The Boelter property, with the highway through, would be worth $3,250 per acre."

The Boelter land is about 17½ miles from the Detroit city hall.

Mr. Boelter has 242 rods of frontage on two paved highways, suitable for business purposes if the demand for such ever comes.    No such demand now exists, and it is purely speculative to guess when, or if it will ever come.    If it does come, his present frontage will meet requirements for many years, for the large percentage of undeveloped property between his land and the city of Detroit will first meet the demands of expansion of the city.

When plaintiff established the present minimum value of the Boelter land to be $2,500, for the use it now commands, the only further consideration was that of benefits accorded the remaining lands upon establishing the new highway.    Such benefits, to be deducted, must be within the range of present view,

capable of financial realization within a reasonable period, and not based upon speculative forecasts contingent upon something so uncertain that it is problematical if it will ever happen. Plaintiff established the minimum value of the land to be $2,500 per acre, or about $10,000 for the land condemned. The court commissioners awarded Mr. Boelter $2,369 compensation, or approximately $600 per acre. It is impossible to harmonize this award with any of the evidence, even if we deduct the maximum speculative benefits.

The landowner must yield to public necessity, but is entitled to just compensation, and this means no sacrifice. The objections we have mentioned should have been sustained and confirmation of the report of the court commissioners refused. What we have said applies in degree to the other landowners prosecuting the writ.

The order of confirmation is set aside, with costs of this court to the landowners, and the case remanded to the circuit for further proceedings not inconsistent with this opinion.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, and SHARPE, JJ., concurred. POTTER J., did not sit.