IN THE MATTER OF ACQUISITION OF LAND FOR THE
CENTRAL INDUSTRIAL PARK PROJECT

Docket No. 57328. Submitted June 8, 1982, at Detroit.—Decided May
9, 1983.

The City of Detroit sought to condemn property for an industrial
park. It sent the various property owners offers to purchase
their property. On November 10, 1980, the agent for defendant,
Goodwill Community Chapel Church, accepted the city's offer
to purchase defendant's real property and immovable fixtures.
The city did not offer to purchase defendant's movable fixtures
or pay for their detach-reattach costs. On November 24, 1980,
the city commenced this eminent domain action in the Wayne
Circuit Court against the defendant and other property owners
seeking condemnation of the property involved. In mid-December 1980, defendant's attorney wrote to the city requesting
rescission of the November 10, 1980, purchase agreement. The
defendant also filed a standard-form application for the withdrawal of the statutorily mandated just compensation. On
December 30, 1980, defendant's agent attended a closing without the defendant's attorneys and executed a deed to the city
for defendant's real property in exchange for a $60,500 check.
The defendant thereafter moved to set aside the settlement and
deed contending that its agent had been fraudulently induced
to sign the purchase agreement. A hearing was held and,
following the parties' arguments, the trial court, George T.
Martin, J., denied the defendant's motion without comment.
Defendant appeals from the order to that effect. *Held:*

1. The trial court had subject matter jurisdiction to rule on
defendant's motion to set aside the settlement despite the lack
of a judicially sanctioned consent judgment or settlement since
the defendant challenged the city's good faith in making the
purchase offer and alleged coercive action by the city in inducing the agent to accept the offer.

2. The trial court failed to protect the defendant's constitu-

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur 2d, Eminent Domain § 387.

[2] 27 Am Jur 2d, Eminent Domain §§ 387-389.

[3] 26 Am Jur 2d, Eminent Domain § 152.

[4] 27 Am Jur 2d, Eminent Domain § 291 *et seq.*

tional right to just compensation since it denied the defendant's motion without taking direct testimony and further proof on defendant's allegations.

3. The city's offer to purchase was not a good faith offer under the Uniform Condemnation Procedures Act. A good faith offer under the act must include the lesser of either the appraised detach-reattach costs of the movable trade fixtures or their value in place in order to provide just compensation for the property.

Reversed and remanded.

1. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — OFFERS — COERCIVE ACTION.

A city is governed by the Uniform Condemnation Procedures Act in exercising its powers of eminent domain; a city must submit a purchase offer to each affected property owner before submitting its complaint in an eminent domain action and such offers must be equal to the city's appraised estimation of just compensation for the properties; the act also precludes coercive action by the city to compel an agreement on the price to be paid (MCL 213.51 *et seq.*; MSA 8.265[1] *et seq.*).

2. EMINENT DOMAIN — JURISDICTION — GOOD FAITH OFFER.

The trial court in which an eminent domain condemnation action is filed by a city has jurisdiction to decide an affected property owner's allegations regarding the validity of the city's good faith offer to acquire the property and determine if the city took coercive action in acquiring the property.

3. CONSTITUTIONAL LAW — EMINENT DOMAIN — TITLE.

A property owner may challenge the necessity of a taking of his property by eminent domain by filing a written motion to that effect within the time prescribed to responsively plead after service of a complaint in a condemnation action; title to the property automatically vests in the condemnor where the property owner does not file such a motion within the prescribed time period and the property owner is then limited to his right to just compensation for the property (Const 1963, art 10, § 2; MCL 213.56; MSA 8.265[6]).

4. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — GOOD FAITH OFFER — MOVABLE TRADE FIXTURES.

The Uniform Condemnation Procedures Act directs that a good faith offer to purchase shall not be less than the appraisal of just compensation for the property, therefore, a good faith offer under the act must include the lesser of either the appraised

detach-reattach costs of the movable trade fixtures or their value-in-place (MCL 213.55; MSA 8.265[5]).

*Sylvester Delaney,* Deputy Corporation Counsel, and *Joseph N. Baltimore* and *Lauri Ellias,* Assistants Corporation Counsel, and *James C. Cobb, Jr.,* for plaintiff.

*Ackerman & Ackerman, P.C.* (by *Alan T. Ackerman* and *John J. Giannini),* for defendant.

Before: J. H. Gillis, P.J., and Wahls and R. H. Bell,* JJ.

Per Curiam. Defendant appeals as of right from a trial court order denying its motion to set aside a settlement in this condemnation action.

In anticipation of filing this action to condemn property for an industrial park, the City of Detroit, on October 31, 1980, sent affected property owners offers to purchase their property. On November 10, 1980, the Reverend Carol Hayes accepted the city's offer to purchase the defendant's real property and immovable fixtures. The city did not offer to purchase the defendant's movable fixtures or to pay the detach-reattach costs of those fixtures.

On November 24, 1980, the city commenced the present action in eminent domain against the defendant and other property owners for the acquisition of the industrial park property. In mid-December 1980, defendant's attorney wrote to the city requesting rescission of the November 10, 1980, purchase agreement. The defendant also filed a standard-form application for the withdrawal of the statutorily mandated just compensation.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On December 30, 1980, Reverend Hayes attended a closing without her attorneys and executed a deed to the city for the defendant's real property in exchange for a $60,500 check. In mid-February, the defendant, through its attorneys, moved to set aside the settlement and deed. In support of this motion, the defendant submitted Reverend Hayes' affidavit and the affidavits of two of its attorneys. The defendant contended that the city fraudulently induced Reverend Hayes to sign the purchase agreement. In her affidavit, Reverend Hayes stated that an agent of the city assured her, prior to her signing the purchase offer, that she could rescind the offer at a later date. She also stated that a city agent told her that the city was unable to pay more than the estimated just compensation for the property, as reflected in the city's purchase offer.

The city also filed affidavits in support of its position. The city admitted that some of its agents or employees had made unauthorized statements to property owners regarding their ability to rescind the purchase agreements, but asserted that these statements were publicly made after Reverend Hayes signed the purchase agreement on November 10, 1980. A hearing was held on the motion on March 27, 1981. Following the parties' arguments, the trial court denied the defendant's motion without comment.

Plaintiff now contends that, since no consent judgment was entered into by the parties and since the present action was one for condemnation, the trial court had no jurisdictional authority to set aside the settlement. We disagree.

In exercising its powers of eminent domain, a city is governed by the Uniform Condemnation Procedures Act (UCPA), MCL 213.51-213.77; MSA

8.265(1)-8.265(27). Section 5 of the UCPA states in pertinent part:

"(1) Before initiating negotiations for the purchase of property, the agency shall establish an amount which it believes to be just compensation for the property and promptly shall submit to the owner a good faith offer to acquire the property for the full amount so established. The amount shall not be less than the agency's appraisal of just compensation for the property * * *." MCL 213.55; MSA 8.265(5).

Section 24 of the act provides:

"In order to compel an agreement on the price to be paid for the property, an agency may not advance the time of condemnation, defer negotiations or condemnation, defer the deposit of funds for the use of the owner, nor take any other action coercive in nature." MCL 213.74; MSA 8.265(24).

Thus, under the UCPA, not only must a city submit purchase offers to each affected property owner before submitting its complaint in an eminent domain action, but the city's offers must also be equal to the city's appraised estimation of just compensation for those properties. The statute also precludes coercive action on the part of a city in order to compel an agreement on the price to be paid for the property. Accordingly, if a city names a property owner as a defendant in an action for condemnation, the lower court in which the condemnation action is filed is the jurisdictionally proper forum in which to test the validity of the city's "good faith" offer to acquire the property and determine whether the city took coercive action in acquiring the property. In the case at bar, defendant did challenge whether the city acted in good faith in making a purchase offer and also

alleged coercive action by the city in inducing Reverend Hayes to accept the purchase offer. Accordingly, despite the lack of a judicially sanctioned consent judgment or settlement, the trial court had subject matter jurisdiction to rule on defendant's motion to set aside the settlement.

Turning to the merits of defendant's appeal, defendant argues that the trial court lacked sufficient evidence to deny defendant's motion to set aside the settlement. The UCPA allows a property owner to challenge the necessity of a taking by a written motion within the time prescribed for filing a pleading in response to a condemnation complaint. MCL 213.56; MSA 8.265(6). If the property owner does not file the motion within the prescribed time period, title to the property automatically vests in the condemnor. The property owner is then limited to his or her right to just compensation which is protected by art 10, § 2 of the Michigan Constitution, which provides:

"Private property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law. Compensation shall be determined in proceedings in a court of record." Const 1963, art 10, § 2.

In the case at bar, a major issue presented by the defendant in the motion was whether the city had offered just compensation for the defendant's property. We find that the trial court, by denying the defendant's motion without taking direct testimony and further proof on this issue as well as on the defendant's other allegations, failed to protect the defendant's constitutional right to just compensation. Accordingly, we remand the case to the trial court for a full review and hearing on the defendant's allegations.

Finally, defendant argues that the city's purchase offer was not in good faith because it did not include the value-in-place of movable fixtures or the detach-reattach costs for those fixtures. As stated above, § 5 of the UCPA directs that the purchase offer shall not be less than the appraisal of just compensation for the property. MCL 213.55; MSA 8.265(5). Property is defined in the act as land, buildings, structures, tenements, hereditaments, easements, tangible and intangible property and property rights whether real, personal, or mixed, including fluid, mineral and gas rights. MCL 213.51(h); MSA 8.265(1)(h).

Just compensation is defined as the amount of money which will put the person whose property has been taken in as good a position as the person would have been in had the taking not occurred. *In re Widening of Bagley Avenue,* 248 Mich 1, 5; 226 NW 688 (1929). See, also, SJI 90.05. Given these definitions, just compensation must include the value of movable trade fixtures or the detach-reattach costs of those fixtures. Thus, a good faith offer to purchase made under § 5 of the UCPA must include the lesser of either the appraised detach-reattach costs of the movable trade fixtures or their value-in-place. Although it has been. argued that the offer to purchase need not include the value-in-place or detach-reattach cost of movable fixtures because they are too speculative, we disagree with this assertion. See *Algonac v Robbins,* 69 Mich App 409; 245 NW2d 68 (1976). There is nothing speculative in offering the property owner the lesser of either the movable fixtures' value-in-place or their detach-reattach value.

Reversed and remanded.