IN THE MATTER OF ACQUISITION OF LAND FOR THE
CENTRAL INDUSTRIAL PARK PROJECT

Docket No. 104331. Submitted January 4, 1989, at Detroit. Decided
May 2, 1989.

The City of Detroit sought to condemn property for an industrial
park. It sent the affected property owners offers to purchase
their property. On November 10, 1980, the agent for defendant,
Goodwill Community Chapel, accepted the city's offer to pur-
chase defendant's real property and immovable fixtures. The
city did not offer to purchase defendant's movable fixtures or
pay for their detach-reattach costs. The city then commenced
an eminent domain action against defendant in the Wayne
Circuit Court seeking condemnation of the property involved.
Defendant's agent then attended a closing and executed a deed
to the city in exchange for $60,500. Defendant then moved to
set aside the settlement and the deed on the grounds of
fraudulent inducement. A hearing was held, after which the
trial court, George T. Martin, J., denied defendant's motion
without comment. Defendant appealed and the Court of Ap-
peals reversed and remanded holding, in part, that the trial
court had subject matter jurisdiction to rule on defendant's
motion and that the city's offer to purchase was not a good-
faith offer. 127 Mich App 255 (1983). On remand, the trial court
held a hearing and concluded that the city's good-faith offer
had been incomplete because it did not include an amount for
the movable fixtures. The trial court set aside the settlement
and ordered a new trial on the issue of compensation. Follow-
ing a jury trial, defendant was awarded $95,000 as just compen-
sation. Defendant moved to dismiss or for a new trial alleging
lack of subject matter jurisdiction and juror bias. The trial
court, Sharon Tevis Finch, J., denied the motion to dismiss
based on the alleged lack of subject matter jurisdiction and
granted a new trial based on the juror bias issue. Following a
second trial, the jury returned a verdict in favor of defendant

REFERENCES
Am Jur 2d, Courts §§ 95, 105; Eminent Domain §§ 387-389.
Sufficiency of condemnor's negotiations required as preliminary to
taking in eminent domain. 21 ALR4th 765.

in the amount of $118,025. The trial court, John R. Kirwan, J., entered a judgment in that amount. Defendant filed an appeal which was dismissed as untimely. Defendant sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, remanded to the Court of Appeals for consideration as on leave granted. 429 Mich 870 (1987).

The Court of Appeals *held:*

The trial court lacked subject matter jurisdiction because plaintiff failed to make a good-faith offer prior to filing its complaint. The tendering of a good-faith offer is a necessary condition precedent to invoking the jurisdiction of the circuit court in a condemnation action. The lack of subject matter jurisdiction cannot be waived nor can a party be estopped from raising the issue. Neither the trial court nor the Court of Appeals can retain jurisdiction over this matter to allow plaintiff to cure the defect in its good-faith offer and resume the condemnation proceedings.

The decision of the circuit court is reversed and the matter is remanded for entry of an order dismissing the matter for lack of subject matter jurisdiction.

1. EMINENT DOMAIN — JURISDICTION — GOOD-FAITH OFFER.

The tendering of a good-faith offer to purchase is a necessary condition precedent to invoking the jurisdiction of the circuit court in a condemnation action (MCL 213.55[1]; MSA 8.265[5][1]).

2. ESTOPPEL — JURISDICTION — SUBJECT MATTER JURISDICTION.

The issue of the lack of subject matter jurisdiction cannot be waived nor can a party be estopped from raising the issue.

*James C. Cobb, Jr., P.C.* (by *James C. Cobb, Jr.*), for plaintiff.

*Ackerman & Ackerman, P.C.* (by *Alan T. Ackerman*), for defendant.

Before: GILLIS, P.J., and SHEPHERD and SAWYER, JJ.

PER CURIAM. In this action, the circuit court entered a judgment in favor of defendant awarding $118,025 as just compensation for a piece of property condemned by plaintiff. Defendant originally

filed an appeal, which was dismissed as untimely. Defendant then applied for leave to appeal to the Supreme Court, which, in lieu of granting leave, remanded the matter to this Court for consideration as on leave granted. 429 Mich 870 (1987). We reverse.

On October 31, 1980, in anticipation of filing this action to condemn property for an industrial park, plaintiff sent affected property owners offers to purchase their property. On November 10, 1980, the Reverend Carol Hayes accepted plaintiff's offer to purchase defendant's real property and immovable fixtures. Plaintiff did not offer to purchase the movable fixtures or pay the detach-reattach costs.

Plaintiff filed an action in eminent domain against defendant on November 24, 1980. On December 30, 1980, Reverend Hayes attended a closing without her attorney and executed a deed to plaintiff for defendant's real property in exchange for $60,500. In mid-February, 1981, defendant moved to set aside the settlement and the deed on the grounds of fraudulent inducement. At a March 27, 1981, hearing, the trial court denied the motion without comment. Defendant appealed this decision to this Court, which reversed and remanded. *In the Matter of Acquisition of Land for the Central Industrial Park Project,* 127 Mich App 255; 338 NW2d 204 (1983).

On remand, the trial court held an evidentiary hearing and concluded that plaintiff had made an incomplete, good-faith offer because it did not include an amount for the movable fixtures. The trial court set aside the settlement and ordered a new trial on the issue of compensation. Following a jury trial, defendant was awarded $95,000 as just compensation. Defendant moved to dismiss or for a new trial alleging lack of subject matter jurisdiction and juror bias. A new trial was granted based

on the juror bias issue. Following a second trial, the jury returned a verdict in favor of defendant in the amount of $118,025.

Defendant now raises a number of issues, one of which is dispositive. Specifically, defendant argues that the trial court lacked subject matter jurisdiction because plaintiff failed to make a good-faith offer prior to filing its complaint. We agree.

MCL 213.55(1); MSA 8.265(5)(1) provides in pertinent part as follows:

> [B]efore initiating negotiations for the purchase of property, the agency shall establish an amount which it believes to be just compensation for the property and promptly shall submit to the owner a good faith offer to acquire the property for the full amount so established. The amount shall not be less than the agency's appraisal of just compensation for the property. . . . If an agency is unable to agree with the owner for the purchase of the property, *after making a good faith written offer to purchase the property, the agency may file a complaint for the acquisition of the property in the circuit court* in the county in which the property is located. [Emphasis added.]

Whether a tendering of a good-faith offer is a necessary condition precedent to invoke the subject matter jurisdiction of the circuit court is not entirely clear from the case law and a careful review of prior Supreme Court decisions is necessary to resolve this issue. The Supreme Court in *In re Petition of Rogers,* 243 Mich 517, 521-522; 220 NW 808 (1928), held, in the context of a highway condemnation case, that the bona fide offer to purchase requirement was jurisdictional as a condition precedent to the filing of a circuit court action and could not be waived:

> This court has repeatedly held that a *bona fide*

endeavor to acquire the land by purchase is made mandatory by statute, and, therefore, is jurisdictional, in the sense of a condition precedent, to right to invoke the power of eminent domain. An effort to purchase must be made, the fact must be alleged in the petition invoking the power of eminent domain, and proved at some stage of the proceeding. Practice and procedure upon this subject are not mapped by statute or rule. Landowners are not required to plead, demur, or make formal answer to the petition. They may move to dismiss, and should do so, if the petition fails to aver jurisdictional facts, but, if the petition makes proper averments, then the landowner may leave petitioner to his proofs, and if the jurisdictional fact alleged is not proved the proceeding is not justified and is at an end. In this particular, jurisdiction of the subject-matter may not be conferred by waiver or estoppel. The averment in the petition of endeavor to purchase was sufficient, *prima facie,* to authorize appointment of court commissioners and open issues of fact, inclusive of jurisdictional prerequisites, but did not prove any alleged fact, call for traverse, dispense with evidence, or bring waiver by failure to move to dismiss before appointment of commissioners. The statute of eminent domain is to be strictly construed, and its jurisdictional conditions must be established in fact and may not rest upon technical waiver or estoppel. We, therefore, must consider the merits of the objection on this point to the confirmation.

Plaintiff directs our attention to the decision in *State Hwy Comm'r v Ottawa Circuit Judge,* 339 Mich 390, 396; 63 NW2d 677 (1954), for the proposition that the *Rogers* doctrine has been abandoned by the Supreme Court. We disagree. While the Supreme Court in *Ottawa Circuit Judge* did distinguish away the decision in *Rogers, supra,* we believe it did so on the facts of the case rather than by overruling the *Rogers* decision. *Ottawa*

*Circuit Judge* arose in the context of a petition seeking a writ of mandamus to order the circuit judge to enter an order vacating a restraining order and quashing a temporary injunction. The Court denied the petition for a writ, concluding that it was unnecessary since the state highway commissioner could achieve his desired result by paying the amount of awarded compensation and taking possession of the property in question. We believe that the Supreme Court declined to apply the *Rogers* doctrine because the issue of compensation was not at issue.

The proposition that the *Rogers* doctrine survived the decision in *Ottawa Circuit Judge, supra,* is further buttressed by looking to the Supreme Court's decision in *Lookholder v State Hwy Comm'r,* 354 Mich 28, 37; 91 NW2d 834 (1958). In *Lookholder,* the Court reaffirmed the view that condemnation statutes must be strictly observed and cited with approval the decision in *Rogers, supra,* that the bona fide offer to purchase was a mandatory and jurisdictional requirement to invoking the powers of the circuit court in reviewing a condemnation proceeding.

Finally, plaintiff directs our attention to *In re Petition of State Hwy Comm,* 383 Mich 709, 716; 178 NW2d 923 (1970), wherein the Court considered a condemnation action brought under MCL 213.366; MSA 8.261(6), a predecessor to the statute involved in the case at bar. Therein, the Court dismissed an argument based upon *Rogers, supra,* noting that *Rogers* dealt with a different statute. It is difficult at best, however, to determine what effect that decision had on the *Rogers* doctrine since the Court only devoted one sentence to discussing *Rogers, supra,* and since *State Hwy Comm* dealt only with what factors may be considered in reaching the valuation of property and, therefore,

what the condemning authority must consider in making its good-faith offer. It did not consider the jurisdictional requirements of tendering a good-faith offer. Thus, we can only conclude that any reference to the *Rogers* decision is, at best, dicta and the decision in *State Hwy Comm* offers no guidance in determining the jurisdictional nature of the good-faith offer requirement.

After considering the above cases, we are led to the conclusion that the decision in *Rogers, supra,* remains viable and should be applied to the instant case. Accordingly, we conclude that the tendering of a good-faith offer is a necessary condition precedent to invoking the jurisdiction of the circuit court in a condemnation action.

There remains, however, the question of what constitutes a good-faith offer. We need not resolve that question, however, in the present case since it was determined in the prior appeal that plaintiff's offer was not made in good faith. Specifically, since our prior decision held that a good-faith offer must include the lesser of either the appraised detach-reattach costs of the movable trade fixtures or their value-in-place, *Central Industrial Park Project, supra* at 261, and plaintiff's offer did not include those items, our prior decision must be read as concluding that plaintiff did not make a good-faith offer to defendant. Accordingly, the trial court was obligated to dismiss this action for want of subject matter jurisdiction.[1] Finally, we also note that, as the Court in *Rogers, supra,* noted, the lack of subject matter jurisdiction cannot be waived nor can a party be estopped from raising the issue.

Finally, we turn to a question raised by the parties at oral argument, namely, whether this

---

[1] Plaintiff could, of course, reinstate proceedings after it tendered a good-faith offer to defendant.

Court, or for that matter the trial court, can retain jurisdiction over this matter to allow plaintiff to cure the defect in its good-faith offer and resume the condemnation proceedings. We have reviewed the memoranda submitted by the parties and the authorities cited therein and conclude that it would be inappropriate for either this Court or the trial court to retain jurisdiction over a matter which is dismissed for a want of jurisdiction. Simply put, where the trial court lacked subject matter jurisdiction to entertain an action in the first instance, there is no jurisdiction to be retained.

For the above reasons, we conclude that the circuit court lacked subject matter jurisdiction to entertain plaintiff's complaint. Accordingly, the circuit court should have dismissed the action.

The decision of the circuit court is reversed and the matter is remanded to the circuit court with directions to enter an order dismissing the action for lack of subject matter jurisdiction and without prejudice to plaintiff's refiling after complying with the statutory requirements. We do not retain jurisdiction. Defendant may tax costs.