THE DEPARTMENT OF TRANSPORTATION *ex rel.* THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM HARRY BROWNFIELD *et al.*, Defendants-Appellants.

Third District   Nos. 3—91—0349, 3—91—0350, 3—91—0357 through 3—91—0367, 3—91—0395 cons.

Opinion filed November 8, 1991.

Reardon, Orr & Dvorak, of East Peoria (Carl F. Reardon, of counsel), for appellants William Harry Brownfield and Mary Louise Brownfield.

Roland W. Burris, Attorney General, of Springfield, Bernard Oltman, Assistant Corporation Counsel, of Pekin, and Costigan & Wollrab, of Bloomington (Michael J. Luke, Assistant Attorney General, and Robert W. Neirynck, of counsel), for appellee Department of Transportation.

JUSTICE HAASE delivered the opinion of the court:

The Illinois Department of Transportation (IDOT) filed a number of eminent domain actions in the circuit court of Tazewell County. IDOT sought to acquire by condemnation certain property or property interests belonging to the defendants. In response, the defendants filed a traverse and motion to dismiss. The defendants

contended IDOT failed to make good-faith and *bona fide* attempts to purchase their properties prior to commencing the present proceedings. (See *City of Oakbrook Terrace v. La Salle National Bank* (1989), 186 Ill. App. 3d 343, 542 N.E.2d 478.) (A condition precedent to the exercise of the power of eminent domain is an attempt to reach an agreement with the property owner on the amount of compensation.) A consolidated hearing was held on all cases by the trial court on April 10, 1991. The court denied the defendants' traverse and granted the State's motion for immediate vesting of title. The court also set the preliminary amount of compensation to be received by the defendants. The defendants appeal the trial court's order vesting title. The trial court's orders setting preliminary compensation and denying the defendants' traverse, not being final orders, are not appealable. See *Department of Public Works & Buildings v. Dust* (1960), 19 Ill. 2d 217, 222-23.

IDOT decided to improve the part of Illinois Route 8 which travels through East Peoria, Illinois. In order to complete this project, IDOT needed to acquire 77 parcels of land. IDOT acquired all these parcels except for the 14 that are the subject of this litigation. Mark Mathewson, IDOT's chief negotiator, sent all the owners of the desired properties a letter stating IDOT's desire to acquire their property and explaining the acquisition procedure. Either Mathewson or an assistant negotiator then personally contacted the owners or their attorneys with a view towards agreeing on a selling price.

Mathewson testified that he explained to the owners that their property would be appraised and an offer made based upon that appraisal. These offers were not final offers, but contingent upon IDOT's approval process. Mathewson testified he explained this process to the owners and also informed them that any counteroffers would also be submitted to IDOT for consideration. Appraisals were made, and offers based upon these appraisals were extended to the owners. The defendants felt the offers made by IDOT were not adequate and employed their own appraisers. The defendants' appraisers valued the defendants' properties at much higher values than the IDOT appraisers.

The trial court consolidated into a single proceeding IDOT's condemnation actions and the defendants' motions to dismiss. At that hearing, IDOT presented evidence from its appraisers as to the value of the disputed properties and its attempts to settle with the owners. Likewise, the defendants presented testimony and exhibits to the court. The defendants' appraisers opined that IDOT's valua-

tion of the properties was erroneous. They opined that the methods used were cursory and failed to take into consideration several important factors. IDOT's appraisers disagreed. At the conclusion of the hearing, the court ruled (1) that IDOT has the authority to exercise the right of eminent domain; (2) the property sought is subject to that right; and (3) "the plaintiff made good faith efforts to negotiate with each defendant, or their attorney, and made good faith attempts to agree." The court then vested title to the properties in favor of IDOT and set the preliminary compensation due the defendants. The defendants appeal the vestiture of title, claiming IDOT failed to make good-faith, *bona fide* attempts to settle. We affirm.

■■ The Illinois Eminent Domain Act provides that "[p]rivate property shall not be taken or damaged for public use without just compensation ***." (Ill. Rev. Stat. 1989, ch. 110, par. 7—101.) A condition precedent to the exercise of the power of eminent domain is an attempt to reach an agreement with the property owner on the amount of compensation. (*City of Oakbrook Terrace v. La Salle National Bank* (1989), 186 Ill. App. 3d 343, 351, 542 N.E.2d 478.) In this regard, the acquiring authority must make a *bona fide* attempt to agree, and the attempt must be made in good faith. (*Department of Transportation v. Walker* (1980), 80 Ill. App. 3d 1039, 1040, 400 N.E.2d 956.) Where a wide disparity exists between the value placed on the property by the acquiring authority and the property owner and where the circumstances show that no practical solution can be reached, no further negotiations are necessary. *Peoples Gas Light & Coke Co. v. Buckles* (1962), 24 Ill. 2d 520, 527-28, 182 N.E.2d 169.

The issues raised on the traverse, motion to dismiss and motion to set preliminary just compensation were preliminary questions to be determined by the court without a jury. In such cases, the credibility of the witnesses and the weight to be given to their testimony are to be determined by the court as the trier of fact, and its findings will not be disturbed unless they are manifestly against the weight of the evidence. *Trustees of Schools of Township No. 37 v. First National Bank* (1971), 49 Ill. 2d 408, 412; *Forest Preserve District v. Marquette National Bank* (1991), 208 Ill. App. 3d 823, 827, 567 N.E.2d 635.

In *Forest Preserve District v. Marquette National Bank* (1991), 208 Ill. App. 3d 823, 567 N.E.2d 635, we recently addressed a condemning body's failure to make a good-faith and *bona fide* attempt to settle. In *Forest Preserve District*, the Will County Forest Pre-

serve District (hereinafter District) filed an action to condemn the defendants' property. The defendants, Marquette National Bank, as trustee, and unknown owners (hereinafter defendants), filed a traverse and motion to dismiss. The evidence presented showed that in 1977 the District had offered the defendants $3,500 per acre for the subject property (approximately 234 acres). This offer was based upon a comprehensive appraisal of the subject property in which the appraiser opined that the property was worth $4,000 per acre or $900,000 for the entire tract. The negotiation terminated in 1979 when the District dismissed its condemnation action with prejudice. The subject property was then rezoned for residential use.

In May of 1989, the defendants received a letter from the District indicating its renewed interest in acquiring the property. The defendants had already received development approval for residential home sites, and the only remaining item necessary to commence full development was a majority vote from the county board. The District then obtained a delay from the county board and voted to initiate condemnation proceedings. The District's assistant director, Michael Pasteris, was instructed by the District to obtain a quick appraisal since time was of the essence. The District employed an appraiser; however, Pasteris admittedly failed to advise him the property had been rezoned for residential development and that proposals for purchase were pending.

The District made an initial offer of $760,000 for the subject property and, upon refusal, increased the same to $800,000. In the meantime, it was discovered that the District offered an owner of adjacent property $78,000 for 10 acres of land contiguous to the subject property. The defendants rejected the District's offer of $800,000. The District then filed an objection to the Will County board's final plat approval.

The trial court allowed the defendant's motion to dismiss and traverse. The court ruled that the District acted in bad faith and had not made a *bona fide* attempt to agree with the defendants to a fair compensation. The court based its decision on the cursory nature of the second appraisal; the fact the 1989 offer was actually less than the 1978 offer; the fact the property had been rezoned since the prior offer and was awaiting final plat approval; the fact the District offered an adjacent owner $78,000 for only 10 acres of land; and the District attempted to obtain multiple delays of the county board's final plat approval. We affirmed.

The court in *Forest Preserve District* had more than ample support for its conclusion that the District acted in bad faith. In the

case at bar, no such evidence exists. IDOT sought to acquire numerous properties along Illinois Route 8 and managed to amicably settle with 63 of 77 property owners. The defendants' contention that IDOT failed to negotiate in good faith is predicated upon their belief that their properties are worth significantly more than IDOT has offered. Although it is true that a condemnor's offer may be so woefully inadequate as to constitute bad faith (see *In re Rogers* (1928), 243 Mich. 517, 220 N.W. 808), a mere difference of opinion is not. *Waukegan Port District v. Booras* (1977), 55 Ill. App. 3d 790, *cert. denied* (1978), 439 U.S. 912, 58 L. Ed. 2d 258, 99 S. Ct. 282.

■ In the case at bar, it is obvious that the trial court was of the opinion that the dispute involved a difference of opinion over value. We cannot say that this finding is clearly erroneous. If the defendants are unsatisfied with the amount of preliminary compensation set by the trial court, they have a right under the Illinois Constitution to have a jury determine compensation. (Ill. Const. 1970, art. I, §15.) The fact that they are not satisfied with the offer of a condemnor, however, is simply not sufficient to prevent the rightful exercise of the power of eminent domain.

Appellant raises numerous other errors in his brief which we are of the opinion are subsumed in the basic argument that this was a bad-faith attempt on the condemnor to exercise its power of eminent domain over defendants' property. We have thoroughly scrutinized the record and applicable case law and are of the opinion, as we have previously stated above, that the trial court's rulings are not against the manifest weight of the evidence.

For the foregoing reasons, the judgments of the circuit court of Tazewell County are affirmed.

Affirmed.

McCUSKEY and SLATER, JJ., concur.