*In re* CONDEMNATION OF PRIVATE PROPERTY TO ACQUIRE
LAND FOR THE DETROIT METROPOLITAN WAYNE COUNTY
AIRPORT

(WAYNE COUNTY v WILLIAM G AND VIRGINIA M BRITTON
TRUST)

Docket No. 163583. Submitted December 13, 1994, at Detroit. Decided
June 30, 1995, at 9:00 A.M. Leave to appeal sought.

The County of Wayne brought a condemnation action in the
Wayne Circuit Court after the defendants, William G. and
Virginia M. Britton Trust and William G. Britton, rejected its
offer of just compensation for the defendants' property, which
the plaintiff desired for an expansion of the Detroit Metropoli-
tan Wayne County Airport. The offer included an amount for
the defendants' movable fixtures that reflected their detach-
reattach cost. The parties stipulated the necessity of the taking
and the title to the property was transferred to the plaintiff.
The defendants elected to be compensated for the movable
fixtures on a value-in-place basis and brought a motion seeking
to compel the plaintiff to honor their election. The plaintiff
refused. The court, John H. Gillis, Jr., J., granted the motion
and ordered the plaintiff to honor the defendants' election to be
compensated on a value-in-place basis. The plaintiff appealed by
leave granted.

The Court of Appeals *held:*

1. A business owner has a right to elect how it shall be
compensated in a condemnation action for its movable fixtures.
The owner may elect to be compensated either on a detach-
reattach basis or a value-in-place basis.

2. The trial court erred in making its ruling solely on the
basis of the Standard Jury Instructions. However, the court
reached the correct result in determining that the defendants
could choose on which basis they would be compensated and in

REFERENCES

Am Jur 2d, Eminent Domain § 291, 293; Fixtures §§ 1-15; Trial
§§ 1077, 1168.
See ALR Index under Eminent Domain; Fixtures; Instructions to
Jury.

affirming the defendants' choice of the value-in-place method. That part of the trial court's order must be affirmed.

3. The plaintiff's obligation to compensate the defendants with regard to "movables" extends only to movable trade fixtures and not to stocks of goods or personal property. The action must be remanded for the trial court to determine whether the objects claimed by the defendants to be movable fixtures and movable business property are fixtures and thus compensable on a value-in-place basis in a condemnation action.

Affirmed and remanded.

1. TRIAL — JURY INSTRUCTIONS — SUBSTANTIVE LAW.

The Standard Jury Instructions do not establish substantive law but, rather, are designed to aid the jury in rendering a verdict; the trial court is charged with the responsibility of determining whether the instructions correctly state the law.

2. EMINENT DOMAIN — JUST COMPENSATION — MOVABLE TRADE FIXTURES.

A private property owner's right to receive just compensation for property that is taken for public use is protected by the state and federal constitutions; a business owner has the right to elect to be compensated for its movable trade fixtures on either a detach-reattach basis or a value-in-place basis (US Const, Am V; Const 1963, art 10, § 2).

3. EMINENT DOMAIN — JUST COMPENSATION — MOVABLE TRADE FIXTURES.

The obligation of a condemning authority to pay just compensation for movable private property taken for public use extends only to movable trade fixtures and not to stocks of goods or personal property.

4. PROPERTY — FIXTURES.

Michigan applies a three-part test to determine whether something is a fixture: fixtures are considered part of a building if they are annexed to the realty, whether the annexation is actual or constructive, if their adoption or application to the realty being used is appropriate, and if there is an intention to make the articles a permanent accession to the realty; in determining whether an object is a chattel or a fixture, where the object is not affixed to the realty, the finder of fact must consider its use and nature and the intention of the parties on the basis of objective, visible facts.

*Jennifer M. Granholm,* Corporation Counsel,

and *Patricia Irving-Cwiek,* Assistant Corporation Counsel, for the plaintiff.

*Mason, Steinhardt, Jacobs & Perlman, P.C.* (by *Walter B. Mason, Jr., Frederick D. Steinhardt,* and *H. Adam Cohen*), for the defendants.

Before: HOOD, P.J., and REILLY and M. MORRIS,* JJ.

PER CURIAM. Plaintiff appeals by leave granted the trial court's order requiring it to honor defendants' election to be compensated for movable business property on a value-in-place basis in this condemnation action. We affirm and remand, with instructions.

Defendants own property on which they operated a business and that is required by plaintiff for the expansion of the Detroit Metropolitan Wayne County Airport. Before filing its condemnation complaint, plaintiff, pursuant to the Uniform Condemnation Procedures Act (UCPA), MCL 213.51 *et seq.*; MSA 8.265(1) *et seq.*, submitted to defendants a good-faith offer of just compensation for their property. Included in that offer was an amount for movable fixtures that reflected their detach/reattach cost. Defendants rejected this offer.

Plaintiff filed its condemnation complaint on October 9, 1992. The parties stipulated the necessity of the taking, and title to the property was transferred to plaintiff. On January 22, 1993, defendants filed a notice of their election to be compensated for movable business property on a value-in-place basis. Defendants relied on SJI2d 90.20 and SJI2d 90.21[1] in making this election.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The Standard Jury Instructions define compensable business property:

Defendants filed a motion to compel plaintiff to honor this election, which plaintiff opposed.

Defendants argued that, pursuant to a decision of our Supreme Court and the Standard Jury Instructions, they were entitled to elect whether to be compensated for the movable business property on a value-in-place or detach/reattach basis. Plaintiff asserted that according to the most recent law of this Court, it was required to compensate property owners only for the lesser value established by application of the two bases and that the owner is not entitled to an election. The trial court based

> The owner is entitled to be compensated for [his/her] fixtures, equipment, machinery and personal property.
> The definition of fixtures or equipment or machinery for which compensation may be allowed is very broad. Fixtures are not limited to things actually attached to a building. Fixtures may include small machinery, even hand tools. The test is whether or not it was the intent of the owner to permanently use the item in the operation of [his/her] business. If the answer is yes, then the item is considered to be constructively annexed to the freehold, and a part of the owner's equipment and fixtures for which compensation shall be allowed. [SJI2d 90.20.]

(We note that this "test" seems to be a departure from the traditional definition of fixture. See, e.g., *Algonac v Robbins,* 69 Mich App 409, 413; 245 NW2d 68 [1976], citing *In re Civic Center,* 335 Mich 528, 536-537; 56 NW2d 375 [1953], and *Morris v Alexander,* 208 Mich 387; 175 NW 264 [1919].)

With regard to the determination of the amount of compensation, the jury instructions provide:

> With regard to fixtures, equipment, machinery and personal property, you are to award the owner the present value-in-place of those items unless the owner has elected to remove some or all of them.
> If the owner elects to move some or all of [his/her] fixtures, equipment, machinery and personal property, then as to those items moved you should award the total cost of removing those items and reinstalling them in a new location and the loss in value caused by the move.
> However, if the cost of moving any particular item to a new location is greater than that item's value-in-place, you cannot award in your verdict more than the value-in-place. In other words, the government cannot be required to pay more to move a particular item than that item is worth. [SJI2d 90.21.]

its decision for defendants solely on the Standard Jury Instructions. The totality of the trial court's cryptic ruling was as follows:

> The Standard Jury Instruction regarding compensable business property, with regard to fixtures, equipment, machinery and personal property, you are to award the owner the present value in place of those items unless the owner has elected to remove some or all of them. Here he's not elected to remove them. Defendant's [sic] motion is hereby granted.

The court granted defendants' motion and ordered plaintiff to honor defendants' election to be compensated on a value-in-place basis.

Plaintiff's application for leave to appeal that order was granted. The only question before us on appeal is whether, in a condemnation action, a business owner has the right to elect how it shall be compensated for movable fixtures, i.e., on either a detach/reattach or a value-in-place basis, or whether the condemning agency's obligation to compensate a business owner is limited to the lesser of either the detach/reattach cost of movable trade fixtures or their value-in-place.

We note at the outset that the trial court clearly erred in making its ruling solely on the basis of the Standard Jury Instructions. Jury instructions do not establish substantive law. They are designed to aid the jury in rendering its verdict. The trial court is charged with the responsibility of determining whether the instructions' statement of the law is correct. *Scalabrino v Grand Trunk W R Co,* 135 Mich App 758, 763; 356 NW2d 258 (1984). We will not, however, disturb the conclusion reached by the trial court if it reached the right result for the wrong reason. *Gray v Pann,* 203 Mich App 461, 464; 513 NW2d 154 (1994).

A private property owner's right to receive just compensation for property that is taken for public use is protected by both our federal and state constitutions. US Const, Am V; Const 1963, art 10, § 2. The purpose of just compensation is to put a property owner in as good a position as it would have been had the taking not occurred. *Miller Bros v Dep't of Natural Resources,* 203 Mich App 674, 685; 513 NW2d 217 (1994). The public may not be enriched at the expense of the property owner, nor may the property owner be enriched at the public's expense. *Id.*

The UCPA provides standards for an agency's acquisition of land, the conducting of condemnation actions, and the determination of just compensation. MCL 213.52(1); MSA 8.265(2)(1). Section 5 of the UCPA provides that a condemning agency must make a property owner a good-faith offer of just compensation for the property. MCL 213.55(1); MSA 8.265(5)(1). However, this section does not address movable fixtures and does not provide the basis upon which just compensation for movable fixtures must be determined.

This Court has held that just compensation in a condemnation action must include the value of movable trade fixtures or the detach/reattach costs of those fixtures. *In re Acquisition of Land for the Central Industrial Park Project,* 127 Mich App 255, 261; 338 NW2d 204 (1983). The Court in *Central Industrial Park Project* went on to conclude, however, that the good-faith offer to purchase made under § 5 of the UCPA must include the *lesser value* of either the appraised cost of detachment/reattachment of movable trade fixtures or their value-in-place. *Id.* This conclusion has been repeated and accepted without explanation in subsequent decisions by this Court. See, e.g., *In re Acquisition of Land for the Central Industrial*

*Park Project,* 177 Mich App 11, 17; 441 NW2d 27 (1989), and *Dep't of Transportation v Robinson,* 193 Mich App 638, 644; 484 NW2d 777 (1992). Defendants do not claim that the offer made by plaintiff was not in good faith or in compliance with the law.

Plaintiff urges us to find that its obligation to compensate a property owner thus extends only to the lesser amount. None of these opinions accepting the "lesser of" standard, however, give any reasoning for the conclusions or cite any supporting authority. We conclude that this unprecedented reasoning fails to follow the spirit of condemnation law and the rationale of existing precedent. While the early cases cited by defendants did not directly address a property owner's choice regarding whether to remove movable trade fixtures and be compensated for their removal and reattachment at a new location or to leave the trade fixtures behind and be compensated for their value-in-place, we conclude that such a choice, which is forced upon a property owner uninvited, is contemplated within the right to just compensation.

In *In re Widening of Gratiot Ave,* 294 Mich 569; 293 NW 755 (1940), our Supreme Court addressed the question whether a private property owner should be awarded damages in an eminent domain proceeding for the removal costs of trade fixtures. The Court recognized that the Takings Clause of the state constitution is interpreted liberally by the courts. *Id.* at 573. "Just compensation," as required by the constitution, is nothing less than that which puts the injured party in as good a condition as it would have been had the injury not occurred. *Id.,* citing *In re Widening of Bagley Ave,* 248 Mich 1, 5; 226 NW 688 (1929). In finding that a property owner should be compensated for the

detach/reattach costs of trade fixtures, the *Gratiot Ave* Court noted:

> Since the value of the fixtures as severed will be decreased to the extent of the cost of detaching and reattaching them elsewhere, the cost of such removal is to be considered in awarding damages. As to the [property owner], the cost of detaching the fixtures was proper to be considered, and since this cost was not considered, nor was the value of the fixtures considered in the verdict for the value of the land, it represents at least a minimum value for such damage, and was proper. [*Id.* at 573.]

The Court clearly, without reference to which was the lesser value, considered that a condemnee may be compensated for the value of fixtures in place rather than for detach/reattach costs.

In *Gratiot Ave*, the question on appeal related to compensation for the appropriation of leasehold interests where the lessees removed fixtures from the leased premises and relocated them to premises where the business would continue. The Court looked to other jurisdictions and found two cases to be especially pertinent, quoting from them at length. The case of *Des Moines Wet Wash Laundry v City of Des Moines,* 197 Iowa 1082, 1087; 198 NW 486 (1924), concluded that the value of fixtures could be determined in the value of a leasehold when taken. Our Supreme Court quoted the following language from *Des Moines:*

> "The machinery must be regarded as fixtures, and, in order that the business could be carried on as it was when plaintiff's property was taken, these or similar machines and equipment were needed. The city did not want the machinery, could not use it, and, if taken by the city for just compensation, the city would have to sell or give it

away. These appliances were essential to the existence of the laundry business, but in the condemnation that business was destroyed. There was no obligation on the part of the city to remove the machinery, and in the instant case it did not propose to do so. The value of the machinery, therefore, as installed, was one of the elements to be considered in estimating the value of the leasehold interest. It is generally held in condemnation proceedings, the property being taken *in invitum,* that the controlling principle is analogous to vendor and vendee and not between landlord and tenant." [*Gratiot Ave, supra* at 576, quoting *Des Moines, supra* at 1087.]

Our Supreme Court also agreed with *City of St Louis v St Louis, I M & S R Co,* 266 Mo 694; 182 SW 750 (1916), which expressly distinguished fixtures from stocks of goods or personal property. Moreover, it was recognized that where fixtures pass to the condemnor, the property owner must be compensated; however, if the owner chooses to take the fixtures, then the condemnor must compensate the owner for the difference in the market value of the fixtures in place less the value of detaching and reattaching them. *Gratiot Ave, supra* at 577.

Our interpretation of these early cases leads us to the conclusion that fixtures, even when movable, should be compensated for according to their market value in place, unless the owner chooses to remove them to a new location, under which circumstance they should be valued according to the cost of detachment/reattachment. We reach this conclusion because we recognize that in condemnation proceedings the business owner is forced to move regardless of whether the owner wants to. However, the owner is not obligated to continue to operate its business in a new location, nor is the

owner obligated to use all of its movable fixtures in a new location. The jury must decide what is just compensation for the movable fixtures and put the business owner in as good a position as the owner would have been had the taking not occurred. The business owner should not be allowed to better its position at the taxpayers' expense.

Although the Standard Jury Instructions, upon which the trial court relied in making its determination, do not establish substantive law, *Willoughby v Lehrbass,* 150 Mich App 319, 338; 388 NW2d 688 (1986), we find that the trial court reached the correct result when it ordered plaintiff to honor defendants' election to leave their trade fixtures in place and be compensated for their value-in-place.

We note that the obligation of plaintiff to compensate defendants with regard to "movables" extends only to movable trade fixtures and not to stocks of goods or personal property. See *Gratiot Ave, supra* at 576, citing *Des Moines Wet Wash Laundry, supra* at 1087. Michigan applies a three-part test to determine whether something is a fixture. Fixtures are considered part of a building if: (1) they are annexed to the realty, whether the annexation is actual or constructive, (2) their adaptation or application to the realty being used is appropriate, and (3) there is an intention to make the articles a permanent accession to the realty. *In re Slum Clearance,* 332 Mich 485, 494; 52 NW2d 195 (1952); *Carmack v Macomb Co Community College,* 199 Mich App 544, 547; 502 NW2d 746 (1993). To determine whether an object is a chattel or a fixture, where the object is not affixed to the realty, the finder of fact must consider its use and nature and the intention of the parties on the basis of objective, visible facts. *In re Slum Clearance, supra; Carmack, supra.* See also *Algonac v*

*Robbins,* 69 Mich App 409, 415; 245 NW2d 68 (1976).

We remand for the trial court's consideration of the issue whether the objects claimed by defendants to be movable fixtures and movable business property are fixtures and thus compensable on a value-in-place basis in a condemnation action. Because defendants have chosen to leave behind trade fixtures, they should be compensated for those fixtures on a value-in-place basis. The actual value of those fixtures, however, remains a question for the jury. *Detroit Bd of Ed v Clarke,* 89 Mich App 504, 509; 280 NW2d 574 (1979).

Affirmed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.