RIPLEY v DRIVERS SERVICES, INCORPORATED

Docket No. 82458. Submitted February 5, 1986, at Grand Rapids. Decided April 21, 1986.

Plaintiff, James F. Ripley, filed suit in Muskegon Circuit Court against defendants, Drivers Services, Inc., and Midwest Coast Transport, Inc. Plaintiff alleged that he sustained accidental bodily injury in Portland, Oregon, while employed by defendants and that the injury arose out of the ownership, operation or use of a motor vehicle, and that defendants, who were conducting business in Michigan as interstate commerce common carriers, refused to pay no-fault personal protection benefits. The vehicle involved was registered and licensed in South Dakota. Defendants raised an affirmative defense based upon a section of the no-fault act which excludes a recipient of workers' compensation benefits from recovering no-fault insurance benefits for the same injury. MCL 500.3106(2). The circuit court, James M. Graves, Jr., J., granted summary judgment in favor of defendants after ruling that plaintiff had failed to state a claim upon which relief can be granted. Plaintiff appealed. *Held:*

1. The Legislature used clear and explicit language when it described the exclusion as one applying to a recipient of workers' compensation benefits under the Michigan Worker's Disability Compensation Act who is injured in the course of his employment while loading, unloading or doing mechanical work on a vehicle. The circuit court, therefore, erred in concluding that the statutory exclusion applied to a recipient of workers' compensation benefits under a worker's disability compensation act of any other jurisdiction.

2. The Court of Appeals declined to decide whether defen-

REFERENCES

Am Jur 2d, Statutes §§ 142-341.

Am Jur 2d, Workmen's Compensation §§ 27-33, 77, 156-159, 364, 484.

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

dants are entitled to set off plaintiff's South Dakota workers' compensation benefits against Michigan no-fault benefits.

Reversed and remanded.

1. Motions and Orders — Summary Judgment — Failure to State A Claim — Court Rules.

A motion for summary judgment for failure to state a claim for which relief can be granted is tested by the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may be fairly drawn from the facts alleged and, unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1], now MCR 2.116[C][8]).

2. Statutes — Judicial Construction — Legislative Intent.

It is the function of a reviewing court, in resolving disputed interpretations of statutory language, to effectuate the legislative intent; in ascertaining such intent, it is presumed that, when the language of a statute is clear, the Legislature intended the meaning it has plainly expressed.

3. Insurance — No-Fault Insurance — Workers' Compensation.

An injured person, who is eligible to receive workers' compensation benefits under the Michigan Worker's Disability Compensation Act, is not entitled to no-fault benefits for the same injuries (MCL 478.101 et seq., 300.3106[2]; MSA 17.237[101] et seq., 24.13106[2]).

*Libner, Van Leuven & Kortering, P.C.* (by *John A. Braden),* for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Michael L. Shiparski),* for defendant.

Before: Danhof, C.J., and R. M. Maher and J. C. Kingsley,* JJ.

Danhof, C.J. Plaintiff appeals as of right from a December 19, 1984, order of the Muskegon Circuit Court which granted summary judgment

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to defendants under GCR 1963, 117.2(1), now MCR 2.116(C)(8), for failure to state a claim. Plaintiff's amended complaint alleged that plaintiff was a resident of Michigan. It further alleged that defendants were foreign corporations conducting business in Michigan as interstate common carriers, and that they carried Michigan no-fault insurance pursuant to MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*

The amended complaint alleged that on March 9, 1983, plaintiff sustained accidental bodily injury in Portland, Oregon, while employed by defendants and that the injury arose out of the ownership, operation or use of a motor vehicle as a motor vehicle. It alleged that the vehicle was registered and licensed in South Dakota by defendant Midwest Coast Transport, Inc. The complaint alleged that defendants refused to pay personal protection benefits under MCL 500.3105; MSA 24.13105.

In their answers, defendants raised an affirmative defense based upon the exclusion of Michigan workers' compensation benefits contained in MCL 500.3106(2); MSA 24.13106(2). This provision was added when 1981 House Bill 4524 was enacted into 1981 PA 209. The statute provides:

> Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the worker's disability compensation act of 1969, Act No. 317 of the Public Acts of 1969, as amended, being sections 418.101 to 418.941 of the Michigan Compiled Laws, are available to an employee who sustains the injury in the course of his or her employment while loading, unloading, or doing mechanical work on a vehicle unless the injury arose from the use or operation of another vehicle.

Plaintiff filed a motion for partial summary judgment under GCR 1963, 117.2(2) on the ground that defendants had failed to state a valid defense to the claims asserted against them. Defendants then filed their motion for summary judgment which the trial court ultimately granted.

A motion for summary judgment under GCR 1963, 117.2(1) tests the legal basis of the complaint. It does not test the nonmoving party's ability to prove the allegations. This Court reviews the pleadings alone and accepts as true all well-pleaded facts, along with any inferences or conclusions which may fairly be drawn from those facts. This Court will not affirm the grant of a motion for summary judgment unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly supply a basis for recovery. *Abel v Eli Lilly & Co,* 418 Mich 311; 343 NW2d 164 (1984).

We reverse the order of summary judgment, because the trial court's construction of MCL 500.3106(2); MSA 24.13106(2) is erroneous as a matter of law. The function of a reviewing court is to effectuate the Legislature's intent. *Aikens v Dep't of Conservation,* 387 Mich 495, 499; 198 NW2d 304 (1972). If the language of the statute is clear, then the Legislature must have intended the meaning it has plainly expressed, and the statute must be enforced as written. *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983). The Legislature used clear and explicit language when it described the exclusion as one arising "if benefits under the worker's disability compensation act of 1969, Act No. 317 of the Public Acts of 1969, as amended, being §§ 418.101 to 418.941 of the Michigan Compiled Laws, are available" to an employee injured in the course of his employment while loading, unloading or doing mechanical work

on a vehicle. The statute plainly refers to benefits available under the Michigan Worker's Disability Compensation Act. No reference is made to the worker's disability compensation act of another jurisdiction.

When granting defendants' motion, the trial court reasoned that a literal interpretation of the statute would lead to an absurd and unjust result. The trial court found that the statute tended to discriminate against Michigan residents and appeared to favor out-of-state residents. We note that the statute has withstood a constitutional challenge on equal protection grounds. *Babbitt v Employers Ins of Wausau,* 136 Mich App 198; 355 NW2d 635 (1984), lv den 419 Mich 962 (1984). We further note that the Legislature need not deal with every aspect of a problem at the same time. *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524, 543; 273 NW2d 829 (1979).

Defendants argue that the spirit of the statute precludes personal protection benefits under the no-fault act if workers' compensation benefits are available from any source. Defendants apparently rely upon dicta from *Babbitt, supra,* pp 201-202, that "[by] limiting the coverage of no-fault benefits, it appears that the Legislature was attempting to maintain cost controls over the system by limiting its scope." Defendants contend that the Legislature intended to limit the scope of the no-fault act by this provision, leaving workers' compensation benefits as the exclusive remedy for injured workers such as plaintiff. We decline to rewrite or expand the scope of the exclusion to include workers' compensation benefits available from any source. If the Legislature had intended to include workers' compensation benefits from other jurisdictions within the scope of the exclusion, it could have expressly stated so. It did not.

We find no such intention, after reviewing the legislative history materials submitted by defendants. Although the legislative history materials indicate that the Legislature was concerned with reducing costs, it appears that the Legislature was only concerned with reducing costs to Michigan businesses.[1] The effect of the bill on the costs of an

---

[1] Analysis of House Bill 4524, House Legislative Analysis Section (February 5, 1982) describes the arguments for and against the proposed amendment this way:

ARGUMENTS:
For

The bill would close a small but harmful loophole in the no-fault act, thereby resolving a dispute over its application. The number of employees claiming both no-fault and worker's compensation benefits has skyrocketed in the last year, threatening to get out of hand for the trucking industry and swamp the courts.

For:

Allowing workers to collect both kinds of benefits has serious harmful economic effects on the Michigan trucking industry, increasing their cost of doing business through higher insurance premiums, payments to employees, and the expense of litigation. These increased costs make it hard for Michigan transporters to compete with out-of-state transporters, and some of the costs get passed on to other Michigan businesses. At a time when extraordinary efforts are being made to improve the state's economic climate in order to retain businesses that are here and attract new business, it makes sense to remove this unnecessary pointless burden.

For:

The recent lenient interpretations of the courts concerning workers' eligibility for no-fault benefits invite abuse, encouraging workers to file for benefits beyond those to which they traditionally would be entitled, and providing an incentive to stay off the job until the benefits expire. There have even been reports of wholesale filing for no-fault benefits by laid-off truckloaders who claim no-fault compensation for suddenly discovered back injuries. In effect, the interpretations are a perversion of the no-fault concept which was designed to expedite traditional motor vehicle claims, not to provide a lucrative alternative to workers' compensation at the expense of business and, ultimately, of all private citizens who pay no-fault premiums.

For:

The current situation treats some workers unfairly. An employee who is injured while unloading a truck can collect substantially more in benefits than a co-worker who suffers the

out-of-state carrier liable for workers' compensation benefits in another jurisdiction and concurrently liable for no-fault benefits in Michigan was not directly addressed. After reviewing the legislative history, we are persuaded that our view of the statute is proper. Compare, *Bell v F J Boutell Driveaway Co,* 141 Mich App 802, 809-811; 369 NW2d 231 (1985).

We remand this case to the trial court to determine whether no-fault benefits are available to plaintiff. According to defendants' brief on appeal, the injury alleged by plaintiff was never formally reported to them. Defendants have accepted as true the nature and circumstances of plaintiff's injury for purposes of argument only in their motion for summary judgment. This apparent factual dispute may be pursued on remand.

We leave it to the trial court to determine the amount of setoff of South Dakota workers' compen-

---

same injury while unloading a box car a few feet away. This is inequitable. The bill reaffirms the concept of worker's compensation as the sole remedy for all injured workers.

Against:

The bill is inequitable. It singles out a special group of workers involved with vehicles and denies them no-fault benefits, while others—those working with moving vehicles—retain these benefits. The no-fault act takes away the right to sue and this bill takes away the benefits, leaving the worker with no recourse at all. The savings to the truckers from the bill is not significant enough to justify taking away the rights of a certain class of workers to receive prompt and certain compensation for injuries suffered in connection with the use of motor vehicles—the purpose of the no-fault act.

Response:

The bill would not leave an employee uncompensated for injuries; worker's compensation benefits will still be available. The bill actually does a better job of treating workers equally than the current situation.

We note that individuals who spoke in favor of the proposed bill at the May 7, 1981, meeting of the committee on insurance were either identified as from the Michigan Trucking Association or were not identified as representing an out-of-state common carrier registered to do business in Michigan. May 7, 1981, Minutes of the House Committee on Insurance, p 1.

sation benefits against Michigan no-fault benefits pursuant to MCL 500.3109(1); MSA 24.13109(1), if any setoff is warranted. We decline to decide the setoff issue on this underdeveloped record on claims of possible "available" benefits since the present status of plaintiff's workers' compensation claim is not clear.

Reversed and remanded for further proceedings consistent with this opinion.