JONES v WILCOX

MACKLIS v WILCOX

Docket Nos. 114932, 114933, 117720, 117721. Submitted December 19, 1990, at Detroit. Decided August 6, 1991, at 9:10 A.M. Leave to appeal sought.

Paul N. Jones, for himself and as personal representative of the estates of Freeman L. Robinson, Sr., and Freeman L. Robinson, Jr., deceased, and David Macklis, for himself and as personal representative of the estate of Sadie Macklis, deceased, brought wrongful death actions in the Wayne Circuit Court against Carl Wilcox, Jr., and others, including ten persons employed by the City of Detroit Fire Department, following the death of the decedents in an apartment fire. The cases were consolidated, and the court, John H. Gillis, Jr., J., denied motions for summary disposition by the city employees and by the plaintiffs. The city employees appealed by leave granted, and the plaintiffs cross appealed. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

The city employees were entitled to summary disposition.

1. The court erred in ruling that the defendant building inspectors had a duty under the Detroit Fire Prevention Code to cite the owner of the apartment building for code violations. The code requires the fire marshal to take the affirmative action of issuing a written notice of the existence of a fire hazard before an existing building, like the apartment building in this case, is brought within its provisions. There is no evidence that the fire marshal took such affirmative action, therefore, the building inspectors had no duty to cite the owner of the building for code violations. Because this was the only basis for holding the building inspectors liable, the court erred in failing to grant them summary disposition.

2. The duties placed upon the city employees either to inspect buildings for code violations, to inspect fire hydrants, or to combat fires are duties owed to the general public and not to the individual plaintiffs. The remaining city employees are entitled to summary disposition on the ground that they did not owe a duty to the plaintiffs.

3. The issues of public duty and governmental immunity are

separate and distinct. The doctrine of governmental immunity has not supplanted the public duty doctrine, and the public duty doctrine exists independently of the issue of governmental immunity.

Reversed and remanded.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Thomas F. Kauza* and *William F. Rivard*), and *Gregory Bill,* for the plaintiffs.

*City of Detroit Law Department* (by *Donald Pailen,* Corporation Counsel, and *Joanne D. Stafford* and *Quincy D. Evans,* Assistant Corporation Counsel), for the defendants.

Before: GRIBBS, P.J., and MACKENZIE and JANSEN, JJ.

PER CURIAM. These consolidated wrongful death cases arise out of an apartment building fire in which the plaintiffs' decedents, Freeman Robinson, Sr., Freeman Robinson, Jr., and Sadie Macklis, died. The individual City of Detroit employee defendants appeal by leave granted from the trial court's denial of two separate motions for summary disposition, one based on governmental immunity, and the other based on their claim that the Detroit Fire Prevention Code (DFPC) did not create a duty that the defendant building inspectors breached. Plaintiffs cross appeal from the trial court's denial of their motion for partial summary disposition based on their claim that there was no factual dispute that the individual city employee defendants violated the DFPC. We reverse, holding that the trial court misread the DFPC and erred in not granting the defendant building inspector's motion for summary disposition. We also hold that the remaining individual city employee defendants were entitled to summary disposition on the basis

that they did not owe a duty to the individual plaintiffs.

Plaintiffs' action against defendants Plonkey, Stelzer, Slezak, Black, and Napier is premised on plaintiffs' allegation that these fire fighters failed to follow proper fire fighting procedures. Plaintiffs support this contention by noting that when the fire fighters originally arrived at the scene of the fire, they hooked up their hoses to an inoperative fire hydrant. Plaintiffs' claim against fire fighters Gallmore, Sutton, and Keyes is based on the allegation that these defendants failed to properly inspect the fire hydrant pursuant to department policy. With regard to defendants Tutak and Cooper, fire department building inspectors, plaintiffs allege that these defendants failed to note and issue citations for DFPC building violations, including the absence of fire extinguishers, smoke detectors, and other fire alarm or prevention systems.

First, the defendant building inspectors claim that the trial court erred as a matter of law in ruling that under the DFPC they had a duty to cite the apartment building owner for code violations. We agree. Our interpretation of a city ordinance is analogous to our interpretation of statutes. Thus, the interpretation of the DFPC is a legal question and a matter for the Court. *Coddington v Robertson,* 160 Mich App 406, 410; 407 NW2d 666 (1987). The function of a reviewing court is to determine whether an ordinance is ambiguous and, if so, to construe it to effectuate the intent of the legislative body adopting the provision. Cf. *Ripley v Drivers Services, Inc,* 151 Mich App 91, 94; 390 NW2d 690 (1986). We construe the DFPC as a whole to determine its purpose. Cf. *DeSot v Auto Club Ins Ass'n,* 174 Mich App 251, 254; 435 NW2d 442 (1988).

Section 19-3-18(a) of the DFPC provides in pertinent part:

> The provisions of this article shall apply to all buildings, structures, marine vessels, premises, and conditions within the city. The provisions of this article shall apply equally to existing as well as new buildings, structures, marine vessels, premises and conditions except that existing buildings, structures, marine vessels, premises, and conditions not in strict compliance with this article may be permitted to continue unless in the opinion of the fire marshal they constitute a distinct fire hazard to life or the property of others based on available data.

Under § 19-3-18, the apartment building, as a preexisting structure not in strict compliance with the DFPC, was permitted to continue unless in the opinion of the fire marshal it constituted a distinct fire hazard to life or the property of others based on available data. As defined under § 19-3-1, a fire hazard is something, including a "situation," which may cause or fuel fire or explosion and poses a threat to life or property. In conjunction with § 19-3-18, § 19-3-20(b)(3) provides:

> *Existing condition correction notice.* The fire marshal shall issue a written notice whenever he finds that a certain provision of this article shall be applied to existing conditions under the authority of section 19-3-18(a).

Thus, § 19-3-18(a) requires a fire marshal to take the affirmative action of issuing a written notice before the code applies to existing buildings.

Construing the DFPC as a whole, we hold that the code requires affirmative action by the fire marshal before an existing building is brought within its provisions. Because there is no evidence

that the fire marshal issued a written notice of the existence of a fire hazard, there was no duty to cite the owner of the apartment building for violating the DFPC. Because this was the only basis for holding the defendant building inspectors liable, the trial court erred in failing to grant them summary disposition on this ground.

Second, the individual city employee defendants allege that they are entitled to summary disposition on the ground that they did not owe a duty to plaintiffs. We agree.

Duty is a necessary element to set forth a cognizable claim of negligence. *Moning v Alfono,* 400 Mich 425, 437; 254 NW2d 759 (1977). Duty is defined as "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct towards another." *Eichhorn v Lamphere School Dist,* 166 Mich App 527, 545; 421 NW2d 230 (1988); *Hetterle v Chido,* 155 Mich App 582, 587; 400 NW2d 324 (1986). Absent a special relationship between the parties, a public official owes a duty to the general public and not to any one individual in society. *Markis v Grosse Pointe Park,* 180 Mich App 545, 558; 448 NW2d 352 (1989).

With regard to the defendant inspectors, we hold that they did not have a special relationship with plaintiffs that would create a duty beyond their duty to the general public. In an analogous situation in *Hobrla v Glass,* 143 Mich App 616; 372 NW2d 630 (1985), the plaintiff brought suit against the Secretary of State for negligently issuing a driver's license to an individual who subsequently caused an accident that resulted in injury to the plaintiff. The *Hobrla* Court held that summary disposition was proper because the duty owed by the department's employees was to the public and not to any particular individual. *Id.* at 626. Like

the review of a person's qualifications for the issuance of a driver's license, the inspection of fire hydrants and buildings for code violations is a duty owed to the public at large and not to individuals.

Likewise, the defendant fire fighters did not have a special relationship with plaintiffs. In *Zavala v Zinser,* 123 Mich App 352; 333 NW2d 278 (1983), aff'd on other grounds as a companion case to *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), the plaintiffs alleged that the defendant police officers had breached their duty to preserve the peace by failing to stop a street brawl that resulted in injury to the plaintiff. This Court held that the police officers' duty to stop the fight was owed to the general public, not to specific individuals. Similarly, in this action the fire fighters owed a duty to the general public to extinguish the building fire, not a specific duty to individuals injured as a result of the fire.

In sum, we hold that the duties placed upon the individual city employee defendants either to inspect buildings for code violations, to inspect fire hydrants, or to combat fires are duties owed to the general public and not to the individual plaintiffs. The individual city employee defendants are entitled to summary disposition.

We are not persuaded by plaintiffs' arguments that the public duty doctrine was subsumed within the test for governmental immunity set forth in *Ross v Consumers Power Co (On Rehearing), supra,* and MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.* The public duty doctrine is premised on the existence of an element of a cause of action for negligence. On the other hand, the governmental immunity issue concerns the creation of exceptions to liability based on the functions of a governmental actor. The issues of immunity and duty are

separate and distinct. The doctrine of governmental immunity has not supplanted the public duty doctrine. This distinction between the two doctrines was implicitly recognized by the Michigan Supreme Court in *Zavala, supra,* in which the Court declined to address the "public/individual" duty issue because it found that any action was barred by governmental immunity. *Id.* at 658-659. Therefore, we hold that the public duty doctrine exists independently of the issue of governmental immunity.

Considering our conclusion that the individual city employee defendants were entitled to summary disposition, we do not address plaintiffs' cross appeal of the trial court's denial of their motion for partial summary disposition.

Reversed and remanded for entry of an order granting the individual city employee defendants' motion for summary disposition. We do not retain jurisdiction.