SINGERMAN v MUNICIPAL SERVICE BUREAU, INC

Docket Nos. 159844, 159845. Submitted November 15, 1994, at De-
troit. Decided April 21, 1995; approved for publication June 29,
1995, at 9:00 A.M. Leave to appeal sought.

Gary Singerman brought an action in the Wayne Circuit Court
against Municipal Service Bureau, Inc., Tamara L. McKinstry,
and Cindy Blayle after sustaining an eye injury while playing
goalie in an ice hockey game at the Westland Sports Arena.
The arena was operated by Municipal Service Bureau, an
agency of the City of Westland. McKinstry and Blayle were
employed by Municipal Service Bureau as manager and assis-
tant manager of the arena, respectively. The plaintiff alleged
that the injury was caused by defective lighting that made it
difficult to see an oncoming puck. The court, Susan Bieke
Neilson, J., entered orders of summary disposition for Munici-
pal Service Bureau and for McKinstry and Blayle. The plaintiff
appealed from each order, and the appeals were consolidated.

The Court of Appeals *held:*

1. The trial court erred in ruling that the defendants owed no
duty to the plaintiff. Where injury is foreseeable despite the
open and obvious nature of a danger, an owner of premises
may be found negligent for failing to exercise due care to
protect an invitee from such danger.

2. A genuine issue of material fact remains concerning the
foreseeability of the harm that befell the plaintiff.

3. The public building exception to governmental immunity
may apply to this case in view of the allegation of defective
lighting in the arena.

4. McKinstry and Blayle waived the defense of governmental
immunity by failing to plead immunity as an affirmative de-
fense in their responsive pleadings.

5. The duties of McKinstry and Blayle extended to the
patrons of the arena rather than to the public at large. McKin-
stry and Blayle were not public officials who could claim
immunity under the public duty doctrine.

6. The question of intervening causes should be determined
by the trier of fact because reasonable minds could differ
regarding the proximate cause of the plaintiff's injury. It is also
for the trier of fact to determine whether inadequate lighting

or the defendants' failure to enforce safety rules was a proximate cause of the plaintiff's injuries.

7. The plaintiff, at trial, must show that the defendants had actual or constructive notice of the dangerous condition allegedly caused by the inadequate lighting.

8. A genuine issue of material fact remains concerning whether McKinstry was negligent with respect to the lighting or the enforcement of the safety rules.

9. The doctrine of assumption of the risk is not a viable defense to the plaintiff's claim of negligence.

10. Municipal Service Bureau is protected by governmental immunity from the plaintiff's claim of nuisance.

Reversed and remanded for further proceedings.

*William Dobreff,* for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Gail P. Massad*), for the defendants.

Before: MARILYN KELLY, P.J., and J. H. GILLIS* and M. D. SCHWARTZ,** JJ.

PER CURIAM. In these consolidated appeals, plaintiff, Gary Singerman, appeals as of right from two separate orders of the trial court granting summary disposition for defendant Municipal Service Bureau, Inc., and for defendants Tamara Lynn McKinstry and Cindy Blayle. We reverse both orders of summary disposition, and remand for further proceedings.

Plaintiff was injured when he was struck in the eye by a deflected hockey puck as he was tending goal at the Westland Sports Arena. Plaintiff went to the arena as a coach to observe players from the Eastern Michigan University Hockey Club. Plaintiff was filling in for an absent goalie and was not wearing proper safety equipment at the time he was injured. There was evidence that the area at the end of the ice rink was slightly dark be-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

cause of defective lighting.[1] Plaintiff claimed that the dim lighting made it difficult to see the puck. Defendant Municipal Service Bureau, Inc., an agency of the City of Westland,[2] was responsible for maintaining the arena. Defendant McKinstry, an employee of the Municipal Service Bureau, was the manager of the arena. Defendant Blayle, also an employee of the Municipal Service Bureau, was assistant manager of the arena.

Defendants moved for summary disposition, and the trial court entered orders granting the motions on December 2, 1992. The court ruled that plaintiff's claims were barred by the open and obvious danger doctrine pursuant to *Riddle v McLouth Steel Products Corp,* 440 Mich 85; 485 NW2d 676 (1992). Plaintiff now appeals as of right from the trial court's dismissal of his claims.

I

The first issue that we must address concerns whether the trial court properly applied the open and obvious danger doctrine set forth in *Riddle, supra,* to the facts of this case. We find that the trial court overlooked the possibility that defendants cou. be held liable for foreseeable harm despite the open and obvious nature of the danger.

The Supreme Court in *Riddle* discussed two potential theories of liability: failure to warn where a danger is not open and obvious, and failure to exercise due care where injury is foreseeable despite the open and obvious nature of the

---

[1] The record is unclear with respect to whether a number of lights were simply burnt out or there was some other defect with the lighting system. It is sufficient to note at this point that the factual details need to be explored at trial.

[2] The City of Westland and the Westland Sports Arena were dismissed from the action on the basis of governmental immunity. Plaintiff has not appealed the court's ruling with respect to those parties.

danger. *Id.* at 96-97. In the present case, the trial court found that defendants had no duty to warn because of the open and obvious nature of the danger. The court then concluded that defendants had no duty to plaintiff whatsoever. We find that the trial court erred in this conclusion because it overlooked the duty of care where injury is foreseeable despite the open and obvious nature of the danger. *Id.*

II

Having determined that the trial court erred in its conclusion that defendants owed no duty to plaintiff, we must examine next the duty of care. In the context of a hockey game, the duty of care to maintain adequate lighting in an arena may take on new meaning. Whereas a condition of dim lighting in an arena may not be particularly dangerous by itself, the danger becomes more pronounced when the arena is used as a hockey rink. In this situation, the duty of reasonable care may include warning players about the dangers of failing to wear proper equipment and enforcing the arena's own safety rules. To the extent that the allegedly inadequate lighting may have contributed to the danger, the duty of care may include taking all reasonable steps to rectify the dangerous conditions.

Importantly, the open and obvious danger doctrine of *Riddle, supra,* concerns defects or dangers in the premises itself, not changing conditions or hazards (such as a hockey game) that are brought about in part by the activity of the invitee(s). Defendants cannot avail themselves of the open and obvious danger doctrine as a defense under these circumstances where the harm may have been foreseeable, and some of the hazardous condi-

tions were not inherent to the premises itself. As such, we conclude that the trial court erred in applying *Riddle* to dismiss plaintiff's claims.

## III

Here, we address the question whether there was a genuine issue of material fact concerning the foreseeability of the harm. We find that there was.

In this case there was evidence that defendants should have foreseen the harm to plaintiff despite the fact that the condition of the lighting constituted an open and obvious danger. There was deposition testimony indicating that defendants were aware that hockey is a potentially dangerous sport, especially with inexperienced players, such as the ones playing with plaintiff. In fact, one of the safety rules of the rink was that helmets must be worn by all hockey players. Although defendants Blayle and McKinstry may not have seen plaintiff on the ice without a helmet until it was too late, they should anticipate that patrons will not follow the safety rules and that the patrons are in danger if the lighting is not adequately maintained. We find that the trial court erred in granting summary disposition for defendants because there were disputed issues of material fact concerning the foreseeability of the injury. MCR 2.116(C)(10).

## IV

Next, we must address the issue whether the Municipal Service Bureau is protected by governmental immunity, MCL 691.1407; MSA 3.996(107). While we find the bureau to be a governmental entity, we find that it is not entitled to immunity

in this case under the public building exception. MCL 691.1406; MSA 3.996(106).

MCL 691.1407(1); MSA 3.996(107)(1) grants "all governmental agencies" immunity from tort liability where the "agency is engaged in the exercise or discharge of a governmental function." MCL 691.1401(d); MSA 3.996(101)(d) defines "governmental agencies" as including "political subdivisions." MCL 691.1401(b); MSA 3.996(101)(b) defines "political subdivision" as

> *any* municipal corporation, county, county road commission, township, charter township, school district, community college district, port district, or metropolitan district, transportation authority, or any combination thereof, when acting jointly, and *any district or authority authorized by law or formed by 1 or more political subdivisions, and any agency, department, court, board, or council of a political subdivision.* [Emphasis added.]

On the basis of the foregoing definitions we conclude that the Municipal Service Bureau is a political subdivision that may avail itself of governmental immunity. The record indicates that the Municipal Service Bureau was created by the City of Westland to maintain various public recreational facilities.[3] The operation of public recreational facilities is regarded as a governmental function. *Richardson v Jackson Co,* 432 Mich 377, 381-382; 443 NW2d 105 (1989); *Adam v Sylvan Glynn Golf Course,* 197 Mich App 95, 97; 494 NW2d 791 (1992). Accordingly, the Municipal Service Bureau generally would be protected by governmental immunity. Cf. *Ross v Consumers Power*

[3] It is noteworthy that the members of the board of the Municipal Service Bureau are appointed for three-year terms by the mayor of the City of Westland. Further, although users of the arena are charged a fee, the arena is not self-sufficient. The Municipal Service Bureau is subsidized by the City of Westland.

*Co (On Rehearing)*, 420 Mich 567, 620; 363 NW2d 641 (1984).

However, in this case, because of the defective lighting, we find that the bureau may be liable under the public building exception to governmental immunity. MCL 691.1406; MSA 3.996(106). Here, there was evidence of a problem with the lighting over a portion of the rink. Further, there was evidence that defendants were aware of the problem with the lighting for some time. As a series of permanent fixtures, the lighting should be considered an integral part of the public building. *Carmack v Macomb Co Community College,* 199 Mich App 544, 547; 502 NW2d 746 (1993). The question whether the building is dangerous must be determined in light of the use or purpose that the building serves. *Griffin v Detroit,* 178 Mich App 302, 306; 443 NW2d 406 (1989). In this case, considering the use of the building as an ice arena, defendants' failure to maintain the lighting raises a genuine issue concerning the safety of the building. Accordingly, we conclude that plaintiff's claims should not have been dismissed.

V

Plaintiff argues that defendant Municipal Service Bureau may be liable under a vicarious liability theory. However, this issue has been abandoned because plaintiff failed to argue the issue in his brief. *Froling v Carpenter,* 203 Mich App 368, 373; 512 NW2d 6 (1994). In any event, this issue is moot because of our conclusion regarding the previous issue that plaintiff has a direct claim against the bureau under the public building exception to governmental immunity. See *Ross, supra* at 621.

VI

Next, plaintiff argues that the individual defen-

dants, McKinstry and Blayle, have waived the defense of governmental immunity. We agree with plaintiff that the individual defendants have waived the defense by failing to plead governmental immunity as an affirmative defense in their responsive pleadings. *Wade v Dep't of Corrections,* 439 Mich 158, 163; 483 NW2d 26 (1992).

VII

In a separate argument, plaintiff asserts that the individual defendants are not public officials who would be protected by the public duty doctrine. The public duty doctrine was summarized by this Court in *Jones v Wilcox,* 190 Mich App 564, 568; 476 NW2d 473 (1991), as follows:

> Absent a special relationship between the parties, a public official owes a duty to the general public and not to any one individual in society.

We find the public duty doctrine inapplicable to the individual defendants in this case because their duties did not extend to the public at large. Rather, their duties extended to the small number of patrons who visited the arena. Further, the leading cases applying the public duty doctrine typically involve higher level public officials or public safety personnel. *Jones, supra* (involving a fire marshal, fire fighters, and building inspectors); *Hobrla v Glass,* 143 Mich App 616; 372 NW2d 630 (1985) (involving the Secretary of State); *Chivas v Koehler,* 182 Mich App 467; 453 NW2d 264 (1990) (involving prison guards); *Markis v Grosse Pointe Park,* 180 Mich App 545; 448 NW2d 352 (1989) (involving police officers). In this case, the individual defendants, as the supervisors of the arena, had a closer relationship to the patrons, and had a

duty to ensure that the arena was reasonably safe. Accordingly, plaintiff's claims against the individual defendants are not precluded by the public duty doctrine.

### VIII

We agree with plaintiff's position that the question of intervening causes should be determined by the trier of fact because reasonable minds could differ regarding the proximate cause of plaintiff's injury. *Domako v Rowe,* 184 Mich App 137, 143; 457 NW2d 107 (1990), aff'd 438 Mich 347; 475 NW2d 30 (1991); *Richards v Pierce,* 162 Mich App 308, 316-317; 412 NW2d 725 (1987). The same reasoning applies to the issue whether the inadequate lighting or defendants' failure to enforce the safety rules was a proximate cause of plaintiff's injuries. These are all issues for the factfinder to resolve. *Schutte v Celotex Corp,* 196 Mich App 135, 138; 492 NW2d 773 (1992).

### IX

Next, plaintiff argues that he is not required to show that defendants had notice of the dangerous condition that was caused by defendants. It is true that plaintiff need not show *actual* notice. However, plaintiff is required to show at least that defendants had *constructive* notice of the dangerous condition caused by the inadequate lighting. MCL 691.1406; MSA 3.996(106); *Freedman v Oak Park,* 170 Mich App 349; 427 NW2d 557 (1988). In this case, plaintiff may be able to establish constructive notice by the length of time that the lighting was defective, *id.; Kroll v Katz,* 374 Mich 364, 371-372; 132 NW2d 27 (1965), or by some other means. This is an issue that should be developed further at trial.

X

We agree with plaintiff that there is a genuine issue of material fact concerning whether defendant McKinstry was negligent—either with respect to the lighting or the enforcement of the safety regulations. MCR 2.116(C)(10); *Radtke v Everett,* 442 Mich 368, 374; 501 NW2d 155 (1993).

XI

The doctrine of assumption of the risk is not a viable defense to plaintiff's claim of negligence. *Felgner v Anderson,* 375 Mich 23; 133 NW2d 136 (1965).

XII

Plaintiff's nuisance claim is without merit because defendant Municipal Service Bureau is generally protected by governmental immunity as a political subdivision. *Li v Feldt (After Second Remand),* 439 Mich 457, 466-474; 487 NW2d 127 (1992). However, plaintiff's claim against defendant bureau may proceed under the public building exception to immunity, as discussed in issue IV, *supra.*

Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.