*In re* PENSIONS OF 19TH DISTRICT JUDGES UNDER DEARBORN
EMPLOYEES RETIREMENT SYSTEM

Docket No. 171125. Submitted May 10, 1995, at Detroit. Decided
October 6, 1995, at 9:15 A.M.

The Dearborn Employees Retirement System brought an action
in the Wayne Circuit Court, seeking a declaration whether the
judges of the 19th District Court are eligible to participate in
the general employees retirement system established pursuant
to the charter and ordinances of the City of Dearborn. Virginia
Sobotka, a judge of the 19th District Court, intervened. The
court, John R. Kirwan, J., granted summary disposition for the
plaintiff, holding that the charter and ordinances clearly lim-
ited membership in the Dearborn Retirement System to full-
time employees who were not active members of another public
retirement system and, accordingly, that the intervenor, who
was a member of the state judges' retirement system to the
extent of the state's fifty-six percent direct contribution to her
salary, was not eligible to join the city's retirement system with
respect to the portion of the salary contributed by the city. The
intervenor appealed.

The Court of Appeals *held:*

1. Because participation in another retirement plan involves
no special right or classification, a claim challenging such a
classification on the ground of equal protection is reviewed
under the rational basis test under which the party making the
constitutional challenge must show that the classification has
no reasonable basis.

2. The city charter and ordinance clearly evidence an intent
to provide retirement benefits only to those employees who are
not receiving retirement benefits from another public retire-
ment system. Because that restriction has the effect of ensuring
that there will be adequate retirement funds available to those
employees who are not receiving retirement funds from other
sources, there exists a rational basis for limitation on member-
ship in the city's retirement system. Accordingly, the city's
retirement system does not violate the intervenor's equal pro-
tection rights.

3. Because it is clear that the intervenor is not eligible for
membership in the city's retirement system, her eligibility for

membership is not "in doubt" such as would permit the retirement board to consider whether the intervenor is eligible for membership in the retirement system.

4. Because the intervenor was not a judge of the municipal court in Dearborn that was abolished with the adoption of the district court system, the provisions of MCL 600.8271; MSA 27A.8271, which applies to employees who had worked for a municipal court and became employees of a district court on the abolition of the municipal court, is not applicable to the intervenor.

5. The provisions of the Employee Retirement Income Security Act, 29 USC 1001 *et seq.*, are not applicable to the Dearborn retirement system, because the provisions of the federal act do not apply to a governmental retirement plan.

6. Because the intervenor cited no authority in support of her claim that it was an arbitrary and capricious abuse of discretion to deny her a city pension, the Court of Appeals declined to address that claim.

Affirmed.

*Kimberly M. Craig* and *Debra A. Walling,* for the plaintiff.

*Rohl & Leone* (by *John F. Leone*), for the intervenor.

Before: MARKEY, P.J., and MACKENZIE and C. H. STARK,* JJ.

PER CURIAM. The fundamental issue in this declaratory judgment action is whether intervenor, a judge of the 19th District Court located in Dearborn, is eligible to participate in the general employees retirement system established pursuant to Dearborn's city charter and ordinances. Intervenor appeals as of right from an opinion in which it was held that she is not eligible to participate in the city's system and an order granting summary disposition for plaintiff. We affirm.

The facts are undisputed. As district court judge,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

approximately fifty-six percent of intervenor's annual salary is paid directly to her by the State of Michigan. The City of Dearborn, as district control unit, pays her the remainder of her annual salary and is then reimbursed all but approximately $4,000.

Intervenor has opted to participate in the State of Michigan Judges' Retirement System. The maximum benefits under that system are equal to sixty percent of the amount the state pays directly to the judges. Former MCL 38.814(2); MSA 27.125(14) (2), see now MCL 38.2503(2)(b); MSA 25.125(503)(2) (b). In this case, intervenor sought to supplement these benefits by participating in the Dearborn general employees pension plan to the extent her salary is paid by the city as district control unit.

The city's retirement system is provided for by charter and by ordinance. Dearborn Charter, ch 17, § 17.4(B) of the charter provides:

> The membership of the City of Dearborn Retirement System shall include all officers except as provided in this charter and *only full-time employees and officers of the City who are not active members of another public retirement system* or eligible to receive benefits from another City retirement system. [Emphasis added.]

The ordinance adopted by the city council addressing eligibility for membership in the retirement system, Dearborn Ordinances, § 22.11, states in pertinent part:

> (b) PERSONS EXCLUDED FROM MEMBERSHIP. The membership of the retirement system shall not include (1) any person whose services are compensated on a fee or contractual basis; nor (2) any person who is employed on a part-time, special, or seasonal basis; nor (3) the actuary; nor (4) *any*

person who is an active member of another public employee retirement system; nor (5) policemen and firemen who are members of, or are receiving benefits from the retirement system established by Chapter 21 of the City Charter.

(c) RIGHT OF THE BOARD TO ELECT MEMBERSHIP. *In all cases of doubt,* the board shall decide who is a member of the retirement system within the meaning of the provisions of this chapter. [Emphasis added.]

The trial court found that the above-quoted charter and ordinance provisions clearly prohibit participation in the city retirement system by persons, such as intervenor, who are members of another government retirement plan. Concluding that intervenor had failed to advance a legal theory justifying disregard of the clear language of the charter and ordinance, the court ruled that intervenor was properly excluded from membership in the Dearborn Employees Retirement System.

In related arguments, intervenor contends that under a heightened scrutiny standard, the charter and the pension ordinance are unreasonably overbroad in violation of intervenor's rights under the Equal Protection Clauses of the United States and Michigan Constitutions. The claim is without merit.

An analysis of whether legislation violates equal protection is dependent upon the type of classification created and the nature of the affected interest. *Ullery v Sobie,* 196 Mich App 76, 81; 492 NW2d 739 (1992). Where the legislation affects a fundamental right or involves a suspect class, the strict scrutiny test is applied. *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 668; 232 NW2d 636 (1975). A heightened scrutiny test is

applied where substantial rights are affected or classifications are based on factors such as gender. Under that test, the government must show that the legislation serves important governmental objectives and that the discriminatory means are substantially related to achieving the objectives. *Wengler v Druggist Mutual Ins Co,* 446 US 142, 150; 100 S Ct 1540; 64 L Ed 2d 107 (1980). The rational basis test is applied if no special right or classification is involved. Under that test, the party challenging the legislation must show that the classification has no reasonable basis. *Forest v Parmalee,* 402 Mich 348, 356; 262 NW2d 653 (1978).

We reject intervenor's claim, based on *77th District Judge v Michigan,* 175 Mich App 681; 438 NW2d 333 (1989), that the heightened standard of review is appropriate in this case. Here, unlike in *77th District Judge,* the disparity in treatment is based only on participation in another retirement plan. Moreover, as pointed out by plaintiff, the Supreme Court has previously applied the rational basis test in equal protection analyses of retirement systems. *Hughes v Judges' Retirement Board,* 407 Mich 75, 92-95; 282 NW2d 160 (1979); *Burgess v Detroit,* 359 Mich 269, 280; 102 NW2d 483 (1960).

A reading of the charter and ordinance provisions clearly indicates that the city intended to provide retirement benefits to certain full-time employees who were not receiving benefits from other sources. Restricting membership in the plan to those not actively participating in other plans would ensure that funds were available for those employees not receiving any retirement benefits. This restriction is rationally related to the city's desire to provide employees with retirement benefits on a long-term basis. Dearborn's retirement

system does not violate intervenor's equal protection rights.

Intervenor also contends that her request for membership in the Dearborn retirement system is a "case in doubt" as contemplated under paragraph c of the pension ordinance. We disagree. This Court interprets ordinances in a manner similar to the interpretations of statutes. *Jones v Wilcox,* 190 Mich App 564, 566; 476 NW2d 473 (1991). The first task is to determine whether the language is clear and unambiguous; if so, judicial interpretation is not warranted. *Rowell v Security Steel Processing Co,* 445 Mich 347, 351-353; 518 NW2d 409 (1994). In this case, the provision that "membership . . . shall not include . . . any person who is an active member of another public employee retirement system" could not be more clear. No case of doubt is raised by application of the charter and ordinance provisions to intervenor. Even assuming that intervenor is an employee of the city, because she is an active member of the judges' retirement system, she may not participate in Dearborn's system.

Intervenor argues that pursuant to MCL 600.8271; MSA 27A.8271, she is entitled to retirement benefits from the city because pension benefits of the abolished municipal court judges were preserved for the benefit of district court judges when the district court was created. A plain reading of the statute, however, leads to the conclusion that the provision applies to those employees who had worked for municipal courts and became employees of a district court upon the abolition of the municipal courts. Intervenor was not a municipal court judge, and, therefore, this provision does not apply to her.

Relying entirely on principles applicable to the Employee Retirement Income Security Act (ERISA),

29 USC 1001 *et seq.*, intervenor claims that the Dearborn retirement system owed her a fiduciary duty, which was breached by failing to extend benefits to her. However, as pointed out by plaintiff, the ERISA does not apply to Dearborn's retirement system because it is a governmental plan. 29 USC 1002(32), 1003(b)(1).

No authority is provided for intervenor's final argument, that because Dearborn's retirement system will suffer no burden, it was an arbitrary and capricious abuse of discretion for the pension board to deny intervenor city retirement benefits. This Court need not address claims that are not supported by authority. *Winiemko v Valenti,* 203 Mich App 411, 415; 513 NW2d 181 (1994).

Affirmed.