Kristina **GJELAJ,** Plaintiff,

v.

**WAL–MART STORES, INC., an assumed name of Sam's Club, a Delaware Corporation, Defendant.**

No. 97–CV–73126–DT.

United States District Court, E.D. Michigan, Southern Division.

May 29, 1998.

Joshua A. Lerner, Blum, Konheim, Southfield, MI, David J. Elkin, Southfield, MI, for Plaintiff.

Dane A. Lupo, Lupo & Koczkur, Detroit, MI, Jeffrey S. Sherbow, Thomas P. Murray, Jr., Orlans, Sherbow, Troy, MI, for Defendant.

*MEMORANDUM OPINION AND ORDER*

HOOD, District Judge.

### I. *FACTS*

Defendant Wal–Mart Stores, Inc., d/b/a Sam's Club brought this Motion for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure alleging there exists no genuine issue of material fact in this case where Plaintiff Kristina Gjelaj claims Defendant negligently maintained its parking lot.

On July 14, 1995, Plaintiff Kristina Gjelaj went shopping at Defendant's Sam's Club store. Around 11:30 a.m. she left the store pushing a shopping cart almost entirely filled with items she had purchased. (Def.'s Ex. B, p. 24.) Plaintiff alleges in her Complaint that she "without warning fell with great force and violence to the ground as a result of a defective and/or cracked portion of the pavement" in the parking lot. (Compl.¶ 4.) In her deposition, Plaintiff testified she never fell down, but her shopping cart wheel got stuck in the cracked pavement; she lost her balance; she grabbed the cart; and then she twisted her left ankle. (Def.'s Ex. B., pp. 24–27.) Plaintiff claims she fractured her fifth metetarcil. Plaintiff alleges Defendant was negligent in allowing the condition to exist and not providing adequate warning.

### II. *STANDARD OF REVIEW*

Defendant seeks summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment, as a matter of law." Fed.R.Civ.P. 56(c). In determining whether there are issues of fact requiring a trial "the inferences to be drawn from the underlying acts contained in the [affidavits, attached exhibits and depositions] must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus., Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)). A "material" fact exists if there is a "dispute over facts that might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505.

The moving party has the initial burden of showing there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment must be entered if the nonmoving party fails to provide sufficient evidence on an essential element to that party's case on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. The nonmoving party must present more than a mere scintilla of evidence and "may not rest upon the mere allegations or denials of his pleading, but … must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 249, 252, 106 S.Ct. 2505 (internal citation omitted). If the nonmoving party fails to present evidence that opposes the moving party, the evidence submitted by the moving party will be taken as true. *Id.* at 248–49, 106 S.Ct. 2505.

## III. *ANALYSIS*

■ The Michigan Supreme Court defined the duty of care a possessor of land owes to its invitees in *Quinlivan v. Great Atlantic & Pacific Tea Co., Inc.,* 395 Mich. 244, 235 N.W.2d 732 (1975), by adopting the Restatement (Second) of Torts:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect against the danger.

395 Mich. at 258–59, 235 N.W.2d at 739 (quoting Restatement (Second) of Torts § 343); *Riddle v. McLouth Steel Prods. Corp.,* 440 Mich. 85, 93, 485 N.W.2d 676, 680 (1992); *Bertrand v. Alan Ford, Inc.,* 449 Mich. 606, 609, 537 N.W.2d 185, 186 (1995). Specifically, Michigan courts require a plaintiff to show either that the defendant created the unsafe condition, or that the unsafe condition was known to the defendant, or that

the unsafe condition was of such a character or had existed for a sufficient length of time such that defendant should have known of the condition. *Gresko v. Southland Joint Venture,* 859 F.Supp. 1089, 1092 (E.D.Mich. 1994) (citing *Serinto v. Borman Food Stores,* 380 Mich. 637, 640–41, 158 N.W.2d 485 (1968)); *Whitmore v. Sears, Roebuck & Co.,* 89 Mich.App. 3, 8, 279 N.W.2d 318, 320 (1979).

■ However, a defendant has no duty to warn of a danger which is open and obvious. *Riddle,* 440 Mich. at 92, 485 N.W.2d at 680. Michigan courts have defined an open and obvious danger as that which an average user of ordinary intelligence would have been able to discover upon casual inspection. *Novotney v. Burger King Corp.,* 198 Mich.App. 470, 474–75, 499 N.W.2d 379, 381 (1993). Public policy encourages people to take reasonable care for their own safety, so possessors of land have no duty to make ordinary cracks in a parking lot "foolproof." *Bertrand,* 449 Mich. at 617, 537 N.W.2d at 189–90. "However, where there is something unusual about the steps [or cracks], because of their 'character, location, or surrounding conditions,' then the duty of the possessor of land to exercise reasonable care remains." *Id.*

■ In this case, the parties do not seem to dispute that Defendant's parking lot had cracks nor that Defendant had actual knowledge of the cracks. Defendant argues the cracks were open and obvious, and therefore, it had no duty to warn Plaintiff about them or to make them safe. Upon review of the photograph attached to Defendant's Brief as Exhibit A and the two photographs attached to Plaintiff's Brief as Exhibit 1, the cracks in the sidewalk are open and obvious. An average customer of Defendant's Sam's Club of ordinary intelligence would have been able to discover these cracks upon casual inspection. The cracks are numerous and in various locations.

Relying on *Bertrand,* Plaintiff argues the open and obvious doctrine has been severely narrowed, allowing a premises owner to be held liable if the defect has some "special aspect." Plaintiff has presented no evidence

that these cracks were unusual in "character, location, or surrounding conditions." *Id.* The cracks appear to be common cracks and are not even potholes.

Plaintiff also argues the open and obvious rule has been severely narrowed to require a premises owner to be liable if it was foreseeable that a hazardous condition could cause an injury, citing *Singerman v. Municipal Serv. Bureau, Inc.*, 211 Mich.App. 678, 536 N.W.2d 547 (1995). The court in *Singerman* relied on *Riddle* which provided, "[A premises owner] must take reasonable precautions to protect the invitee from dangers that are foreseeable. However, a possessor is not an insurer of the safety of an invitee, and his duty is only to exercise reasonable care for the invitee's protection." *Riddle*, 440 Mich. at 100, 485 N.W.2d at 683–84. *Singerman* is distinguishable from the present case. In *Singerman* the plaintiff was struck in the eye by a hockey puck at the defendant's sports arena, and there was evidence that it was dark at that end of the ice rink because of defective lighting. The Court opined,

> In this situation, the duty of reasonable care may include warning players about the dangers of failing to wear proper equipment and enforcing the arena's own safety rules. To the extent that the allegedly inadequate lighting may have contributed to the danger, the duty of care may include taking all reasonable steps to rectify the dangerous conditions. Importantly, the open and obvious danger doctrine of *Riddle, supra,* concerns defects or dangers in the premises itself, not changing conditions or hazards (such as a hockey game) that are brought about in part by the activity of the invitee(s). Defendants cannot avail themselves of the open and obvious danger doctrine as a defense under these circumstances where the harm may have been foreseeable, and some of the hazardous conditions were not inherent to the premises itself.

*Singerman*, 211 Mich.App. at 681–82, 536 N.W.2d at 550.

The cracks shown in the photographs of the Sam's Club parking lot do not appear to be gaping, and they are not potholes. There has been no evidence presented that these cracks are any different than any other set of cracks that people encounter everyday in a parking lot. It was not foreseeable, based on the size of these cracks, that a customer's shopping cart would become lodged in a crack and the customer would twist her ankle. Additionally, unlike *Singerman* which involved a hockey game, there were no foreseeable changing conditions which would make the danger more foreseeable.

Plaintiff appears to argue the cracks were not open and obvious because she was walking over that area of the parking lot for the first time, and Plaintiff's cart was "overflowing," obstructing her view. As previously stated, Michigan courts have an objective standard for "open and obvious": that which an average user of ordinary intelligence would have been able to discover upon casual inspection. *Novotney*, 198 Mich.App. at 475, 499 N.W.2d at 381. "Thus, it is not relevant to the disposition of this matter whether plaintiff actually saw [the cracks]." *Id.* Nevertheless, Plaintiff testified in her deposition she had been to this same Sam's Club over ten times; she had already crossed the cracks on her way into the store; there was no rain or snow; and it was around noon time. Plaintiff, upon casual inspection, would be able to discover the cracks she claims caused her injury.

Plaintiff further argues the open and obvious doctrine cannot be relied upon because she was "distracted" by trying to get to her car without being hit by other vehicles, citing *Jaworski v. Great Scott Supermarkets*, 71 Mich.App. 235, 247 N.W.2d 363 (1976), *rev'd* 403 Mich. 689, 272 N.W.2d 518 (1978). Plaintiff presents no evidence that the parking lot was highly trafficked, nor that Plaintiff was in eminent danger of being hit by a car as she went to her car. Plaintiff also contends the open and obvious doctrine does not apply because she had no way to avoid the cracks because they were directly in her path to the vehicle, citing *Byrnes v. Economic Mach. Co.*, 41 Mich.App. 192, 200 N.W.2d 104 (1972), and *Perry v. Hazel Park Harness Raceway*, 123 Mich.App. 542, 332 N.W.2d 601 (1983), 123 Mich.App. 542, 332 N.W.2d 601. Plaintiff testified at her deposition she took a different route from her car to the store than

 

she took from the store to the car, so an alternative was available and known to Plaintiff.[1]

▮ Plaintiff relies on her expert George Bombyk, a professional Safety Expert with forty-one years of experience in accident prevention and investigation, to support her contentions. (*See* Pl.'s Ex. 2.) Mr. Bombyk attests to a number of things: that the crack was a dangerous defect; that Plaintiff did not see the crack because the shopping cart obstructed her view; that Plaintiff was distracted by traffic; that the defect was "created" over a long period of time; that management had failed to properly inspect the premises, that a "shovel full of blacktop patching" would have prevented the injury; that the premises were in violation of the BOCA Code. (*See* Pl.'s Ex. 2.) Plaintiff's expert bases his opinion upon his review of Plaintiff's deposition, photographs, and "some legal documents," which are otherwise unspecified. He provides no facts, tests, or other investigation upon which he bases his expert opinions that: the Defendant failed to properly inspect; the alleged defect existed or was created over a "long period of time"; or a shovel full of patching would repair the cracks. Nor does he specifically indicate how the BOCA Code was violated. The expert's unsupported legal conclusions, assumptions, and opinions are insufficient to create a genuine issue of material fact. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. Mr. Bombyk gives no evidence as to why these cracks are any different in width or numerosity from any other ordinary cracks in a parking lot.

▮ As Defendant asserts, cracks in a sidewalk or parking lot are not an abnormal occurrence. Where ordinary conditions prevail on an area of land, Defendant is not responsible for making such conditions "foolproof." *Bertrand,* 449 Mich. at 616–17, 537 N.W.2d at 189. A property owner is not responsible for ensuring the absolute safety of its invitees, but rather strong public policy dictates that people take reasonable care to ensure their own safety. *Id.*

1. Plaintiff also notes the cracks were repaired after the incident. Under Rule 407 of the Federal Rules of Evidence, this Court cannot consider this evidence because "evidence of subsequent

## IV. *CONCLUSION*

Accordingly, for the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 56 *(Docket No. 10, Filed 1/16/98)* is **GRANTED**

remedial measures is not admissible to prove negligence, culpable conduct, or a need for a warning or instruction." Fed.R.Evid. 407.