CARMACK v MACOMB COUNTY COMMUNITY COLLEGE

Docket No. 137351. Submitted March 2, 1993, at Detroit. Decided May 3, 1993, at 9:30 A.M.

Betty L. Carmack brought an action in the Macomb Circuit Court against Macomb County Community College and others, seeking damages for injuries sustained while performing gymnastic exercises on the uneven parallel bars when a bolt that held the bars in place fractured. The court, John B. Bruff, J., granted the defendants' motion to strike the plaintiff's amended witness list and granted summary disposition for the defendants, in part on the basis of governmental immunity. The plaintiff appealed, and the defendants cross appealed.

The Court of Appeals *held:*

1. The court did not abuse its discretion in granting the motion to strike the plaintiff's amended witness list after she failed to comply with the court's deadline for filing the list. The decision properly was based in part on her failure to comply with discovery and pretrial orders.

2. The gymnastic equipment was easily moveable and was removed almost daily. It was not a fixture or a part of the building. The college was entitled to governmental immunity.

3. Summary disposition for the individual defendants, employees of the college, was proper because the plaintiff failed to present any facts to show that their conduct was not protected by governmental immunity because it was so reckless as to demonstrate a substantial lack of concern for whether an injury would result.

4. Summary disposition of the products liability claim properly was granted for defendant Dimmer/Warren Enterprises, Inc., who sold the equipment to the college, because the plaintiff failed to prove that the bolt was defective when manufactured or sold or that the equipment was unreasonably dangerous.

Affirmed.

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability § 42 *et seq.*, §§ 91, 113, 527, 532; Witnesses §§ 60, 61.

Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.

1. TRIAL — WITNESSES — WITNESS LISTS.

A trial court's decision not to permit a witness to testify because the party who offered the witness failed to comply with a deadline for the submission of the witness list will not be reversed on appeal absent an abuse of discretion.

2. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS — FIXTURES.

Fixtures are considered part of a public building for purposes of the public building exception to governmental immunity if they are annexed, either actually or constructively, to the realty, if their adaptation or application to the realty being used is appropriate, and if there is an intention to make them a permanent accession to the realty; the controlling intention regarding whether an object has become a fixture of the realty is manifested by objective, visible facts (MCL 691.1406; MSA 3.996[106]).

*Feikens, Foster, Vander Male & De Nardis, P.C.* (by *Richard G. Koefod* and *William McCandless*), for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe* and *Gail P. Massad*), for Macomb County Community College, Larry Lacatos, and James Delmont.

*Coticchio, Zotter, Sullivan, Molter, Skupin & Turner, P.C.* (by *Ronald A. Molter*), for Dimmer/ Warren Enterprises, Inc.

Before: WAHLS, P.J., and WEAVER and CORRIGAN, JJ.

WEAVER, J. Plaintiff, a student at Macomb County Community College, was injured while performing gymnastic exercises on the uneven parallel bars when a bolt that held the bars in place fractured. Plaintiff filed suit for personal injury under theories of products and premises liability. Defendants filed motions for summary disposition, which the trial court granted. Plaintiff appeals, and defendants cross appeal. We affirm.

I

Plaintiff first asserts the court erred in granting defendants' motion to strike her amended witness list. Plaintiff was required to file her witness list on July 14, 1990, but did not do so until August 13, 1990. Discovery was closed on September 27, 1990. On November 1, 1990, plaintiff moved to file an amended list to include her expert witness. The court's order of January 10, 1991, granted defendants' motion to strike plaintiff's amended witness list. This decision was based in part on plaintiff's history of failing to comply with discovery and pretrial orders.

This Court will not disturb a trial court's decision regarding whether to permit a witness to testify, after a party has failed to comply with a deadline for submission of a witness list, absent an abuse of discretion. *Elmore v Ellis,* 115 Mich App 609; 321 NW2d 744 (1982). We find no abuse of discretion here.

II

Plaintiff next asserts the court erred in granting the motion for summary disposition on the basis of the defense of governmental immunity. Plaintiff argues that her complaint properly pleaded the public building exception to governmental immunity.

In order to apply the public building exception, MCL 691.1406; MSA 3.996(106), a plaintiff must prove: (1) a governmental agency is involved, (2) the public building in question is open for use by members of the public, (3) a dangerous or defective condition of the building itself exists, (4) the governmental agency had actual or constructive knowledge of the alleged defect, and (5) the gov-

ernmental agency failed to remedy the alleged defective condition after a reasonable period of time. *Hickey v Zezulka (On Resubmission)*, 439 Mich 408, 421; 487 NW2d 106 (1992). Moreover, the injury must have arisen out of the dangerous or defective physical condition of the building itself. *Velmer v Baraga Area Schools*, 430 Mich 385, 393-394; 424 NW2d 770 (1988).

The instant case raises the question whether a portable object that is only temporarily affixed to the realty by a screw anchor becomes a fixture of the building itself and therefore may create a defective condition of the building. Plaintiff argues that the bracket built into the floor of the building is part of the building. Plaintiff further asserts that when the bolt was inserted into the bracket it also became part of the building along with the gymnastic equipment. Plaintiff's attempt to expand the building exception to governmental immunity is unpersuasive.

Fixtures are considered part of a public building if: (1) they are annexed to the realty, whether the annexation is actual or constructive, (2) their adaptation or application to the realty being used is appropriate, and (3) there is an intention to make the articles a permanent accession to the realty. *Velmer, supra* at 394. The controlling intention regarding whether an object has become a fixture of the realty is manifested by the "objective, visible facts." *Velmer, supra.*

Here, the equipment was easily moveable and was removed on an almost daily basis. We conclude that the gymnastic equipment was not part of the building and, therefore, defendant college was entitled to governmental immunity.

Plaintiff also asserts that her claim against defendants Larry Lacatos and James Delmont should have survived because their conduct was negligent.

Because plaintiff failed to present any facts to show that their conduct was "so reckless as to demonstrate a substantial lack of concern for whether an injury results," MCL 691.1407(2); MSA 3.996(107)(2), summary disposition of plaintiff's complaint was proper.

### III

Plaintiff contends that the court improperly granted defendant Dimmer/Warren's motion for summary disposition with regard to the products liability claim, arguing that there is a genuine issue of material fact. However, plaintiff fails to point to anything in the record that would support her contentions that the bolt was defective when manufactured or sold and the equipment was unreasonably dangerous. The court did not err in granting summary disposition. See *Prentis v Yale Mfg Co,* 421 Mich 670; 365 NW2d 176 (1984).

### IV

Defendant college's assignments of error are rendered moot by our findings above.

Affirmed.