# STATE OF MICHIGAN

# COURT OF APPEALS

SHERRI WILSON, Personal Representative of the
Estate of LUELLA EHRLINGER, Deceased,

        Plaintiff-Appellant,

v

PHILLIP A. DEAN, M.D., and MID MICHIGAN
SURGICAL SPECIALISTS, P.C.,

        Defendants-Appellees.

UNPUBLISHED
January 9, 2018

No. 334243
Saginaw Circuit Court
LC No. 13-019719-NH

Before: O'CONNELL, P.J., and HOEKSTRA and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals by delayed leave granted[1] an order granting partial summary disposition in favor of defendants, Phillip A. Dean, M.D. (Dean) and Mid Michigan Surgical Specialists P.C. (MMSS), and denying plaintiff's oral motion to amend her witness list to reinstate a general surgery expert witness. We affirm.

## I. BACKGROUND

This Court previously summarized the pertinent facts and procedural history as follows:

> On July 3, 2009, the decedent, Luella Ehrlinger, was admitted to Covenant Medical Center for a surgical procedure to remove a portion of her bowel containing a malignant polyp. Defendant Phil[l]ip Dean, M.D., performed surgery on Ehrlinger by removing a section of her bowel and reconnecting the two adjacent sections. Plaintiff initially alleged that Dean did not perform the procedure "adequately" because subsequent events determined that there was a "leakage of bowel contents into the abdominal cavity" that Dean did not promptly detect. Plaintiff alleged that Dean performed another surgery on Ehrlinger on July 19, 2009, to remove a section of Ehrlinger's then necrotic bowel.

---

[1] *Estate of Luella Ehrlinger v Phillip A Dean, MD*, unpublished order of the Court of Appeals, entered December 2, 2016 (Docket No. 334243).

-1-

Notwithstanding the second procedure, Ehrlinger's health continued to decline and she became septic. Ehrlinger remained in an intensive care unit until August 3, 2009, when she was transferred out of the unit with Dean's consent. On August 4, 2009, Ehrlinger became unresponsive and suffered cardiopulmonary arrest requiring resuscitation. Plaintiff alleged that Dean failed to examine Ehrlinger at all on August 4, and that he did not cause any other physician to examine her on his behalf. Plaintiff alleged that Ehrlinger was on several medications and that she was particularly susceptible to the effects of the medications because of her weakened condition and sepsis. Plaintiff alleged that Ehrlinger's medications, in combination with her weakened condition, resulting from Dean's failure to appropriately treat and monitor her, were a proximate cause of her cardiopulmonary arrest. Ehrlinger's health continued to deteriorate, including brain injury and kidney failure. She died on September 7, 2009.

Defendants filed a motion for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(8). They argued that plaintiff did not file an affidavit of merit in compliance with MCL 600.2912d, which requires that the physician signing the affidavit of merit must have board certification in the same specialty as the defendant. Defendants asserted that the affidavit of merit executed by Todd C. Campbell, M.D., was insufficient because Dean was board-certified in colorectal surgery and general surgery, while Campbell was only board-certified in general surgery. Defendants also argued that dismissal with prejudice is appropriate because filing a defective affidavit of merit does not toll the statute of limitations when an action is filed under the savings provision of MCL 600.5856, and because plaintiff therefore had filed the case after the running of the two-year statute of limitations.

Plaintiff responded by filing a motion to amend the affidavit under MCR 2.112 and MCR 2.118 and requested to additionally file the affidavit of Ralph Silverman, M.D., a physician board-certified both in general surgery and in colorectal surgery. Plaintiff also proposed to amend Dr. Campbell's original affidavit of merit by having Silverman sign the affidavit after adding a section indicating that Silverman had read and agreed with the contents of Campbell's affidavit. Plaintiff also argued that Campbell's affidavit was sufficient because the alleged malpractice did not require consideration of the standard of care specific to colorectal surgeons. Additionally, plaintiff filed a motion requesting leave to amend the complaint to remove paragraphs relating to malpractice stemming from the first surgery and to correct mistakes in the complaint. The trial court denied defendant[s'] motion for summary disposition and granted plaintiff leave to file the first amended complaint.

While defendants' application for leave to appeal was pending in the Supreme Court, they filed a motion for summary disposition and/or motion in limine to preclude claims not supported by expert testimony. Plaintiff filed a response brief in which she agreed that her expert testimony did not support the malpractice claims against Dean relating to the first colorectal surgery, the alleged failure to order imag[]ing studies after the first surgery, and any delay in

performing the second surgery. However, plaintiff asserted that expert testimony did support the malpractice claim relating to Dean's failure to monitor Ehrlinger on August 4, the day she lost consciousness. Upon learning of the Supreme Court's order remanding this matter, the trial court stayed all trial court proceedings until the completion of defendants' appeal in this Court. [*In re Estate of Luella Ehrlinger*, unpublished per curiam opinion of the Court of Appeals, issued October 15, 2015 (Docket No. 320417), pp 2-3.]

This Court concluded that the affidavit of merit was not defective regarding the allegations against Dr. Dean "concerning alleged failure to provide proper post-surgical care and monitoring following the second surgery[.]" *Id.* at 6. On the basis of plaintiff's concessions that the affidavit did not support a malpractice theory based on the time period between the first and second surgeries and the absence of allegations of malpractice during the surgeries themselves, this Court determined that "plaintiff could have a reasonable belief that the most relevant standard of care was that of a general surgeon, not a colorectal surgeon, relative to these remaining allegations." *Id.* at 5. This Court stated that "[g]oing forward below, plaintiff's malpractice claim is limited to the allegation that Dean failed to provide post-surgical care following the second surgery or otherwise breached the standard of care applicable to general surgery from August 4, 2009 to the decedent's death." *Id.* at 6. Accordingly, this Court instructed the trial court to grant partial summary disposition "on plaintiff's allegations of malpractice related to Dean's alleged conduct during or between the two surgeries[.]" *Id.*

On remand, the trial court accordingly ordered all claims against Dean and MMSS based on conduct prior to August 4, 2009, dismissed with prejudice. Dean and MMSS then moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that plaintiff's standard of care expert, Dr. Silverman, was not qualified under MCL 600.2169 to testify about a general surgery standard of care because the majority of his practice was not in general surgery. The trial court granted defendants' motion for summary disposition, agreeing with defendants that Dr. Silverman was not qualified to testify about a general surgery standard of care.

Plaintiff subsequently moved to reinstate Dr. Campbell as her standard of care witness because Dr. Campbell was qualified to testify as a general surgeon. The trial court denied this motion as untimely.

## II. STANDARD OF REVIEW

Plaintiff now challenges the grant of defendants' motion for summary disposition and the denial of her motion to reinstate Dr. Campbell as an expert witness. This Court generally reviews the grant or denial of a motion for summary disposition de novo. *Peters v Dep't of Corrections*, 215 Mich App 485, 486; 546 NW2d 668 (1996). This Court also reviews matters of statutory interpretation de novo. *Tate v Detroit Receiving Hosp*, 249 Mich App 212, 215; 642 NW2d 346 (2002). We review a trial court's decision whether an expert witness is qualified to testify for an abuse of discretion. *Id.* Similarly, this "Court will not disturb a trial court's decision regarding whether to permit a witness to testify, after a party has failed to comply with a deadline for submission of a witness list, absent an abuse of discretion." *Carmack v Macomb Co Community College*, 199 Mich App 544, 546; 502 NW2d 746 (1993). The abuse of discretion standard recognizes "that there will be circumstances in which there will be no single correct

-3-

outcome . . . ." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). Accordingly, this Court defers to the trial court's judgment if its decision is within the range of principled outcomes. *Id.*

## II. DISCUSSION

### A. GENERAL SURGERY STANDARD OF CARE EXPERT

Plaintiff first argues that the trial court abused its discretion by determining that Dr. Silverman was unqualified to testify at trial about the general surgery standard of care. We disagree and conclude that the trial court correctly construed MCL 600.2169.

In relevant part, MCL 600.2169 states:

> (1) In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and meets the following criteria:

> (a) If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. However, *if the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty*.

> (b) Subject to subdivision (c), during the year immediately preceding the date of the occurrence that is the basis for the claim or action, *devoted a majority of his or her professional time to* either or both of the following:

> (*i*) The active clinical practice of the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed and, *if that party is a specialist, the active clinical practice of that specialty*.

> (*ii*) The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed and, if that party is a specialist, an accredited health professional school or accredited residency or clinical research program in the same specialty. [MCL 600.2169(1)(a) and (b) (emphasis added).]

A "specialist can only devote a *majority* of his professional time to *one* specialty." *Woodard v Custer*, 476 Mich 545, 560; 719 NW2d 842 (2006).

In this case, Dr. Silverman was board-certified in both general surgery and colorectal surgery, and he testified that 70 to 80 percent of his practice for the preceding seven to eight years was in colorectal surgery. Although Dr. Silverman matched defendant Dr. Dean's board certifications, Dr. Silverman is not qualified to testify about a general surgery standard of care

because the majority of his practice was not in general surgery. Accordingly, Dr. Silverman does not meet the active clinical practice requirement for the relevant standard of care (general surgery) under MCL 600.2169(1)(b)(*i*). Consequently, the trial court did not abuse its discretion by determining that Dr. Silverman was not qualified to testify about the relevant standard of care.

Plaintiff argues that this Court's prior opinion concerned only the affidavit of merit. Plaintiff is correct that this Court only assessed the expert's qualifications to sign the affidavit of merit in its prior decision. However, plaintiff made concessions before the trial court and this Court that limited plaintiff's allegations of malpractice to postoperative care, reflecting a general surgery standard of care, and agreed to the dismissal of any allegations related to the colorectal surgeries. After remand, plaintiff filed a second amended complaint referring to the general surgery standard of care as it related to Dr. Dean's treatment following the second surgery without reference to the surgeries themselves, in accordance with plaintiff's position summarized in this Court's decision. Plaintiff's theory of the case likewise limited the allegations to postoperative care after the second surgery, although it referred to both the colorectal surgery and general surgery standard of care without specifying which standard of care applied. Plaintiff otherwise raised no objection to or sought to withdraw her concessions.

"The law of the case doctrine provides that a ruling by an appellate court with regard to a particular issue binds the appellate court and all lower tribunals with respect to that issue." *Driver v Hanley (After Remand)*, 226 Mich App 558, 565; 575 NW2d 31 (1997). The trial court grounded its decision and reasoning in this Court's prior determination that plaintiff's remaining claims were limited to allegations of a breach of the standard of care for general surgery. The trial court properly followed this Court's instructions reflecting plaintiff's position.

## B. PLAINTIFF'S REQUEST TO REINSTATE EXPERT

To remedy the deficiency in plaintiff's expert's qualifications, plaintiff belatedly requested reinstatement of Dr. Campbell, the general surgeon who prepared the affidavit of merit. We conclude that the trial court did not abuse its discretion by refusing this request.

First, plaintiff does not cite a single case, statute, or court rule in support of this argument. If a party fails to provide legal support for its contention, "[t]his Court will not search for authority either to sustain or reject a party's position." *Schellenberg v Rochester, Michigan, Lodge No 2225, of the Benevolent and Protective Order of Elks of the United States of America*, 228 Mich App 20, 49; 577 NW2d 163 (1998). Nonetheless, we conclude that the trial court did not abuse its discretion by refusing plaintiff's request to replace her standard of care witness. The trial court issued a scheduling order on April 1, 2016, after remand from this Court, ordering the filing of the parties' witness lists by May 2, 2016. Plaintiff's final witness list included Dr. Silverman, not Dr. Campbell. Plaintiff did not propose Dr. Campbell as a witness until after the close of discovery and after the trial court signaled its agreement with defendants' position that plaintiff's expert was not qualified, several months after this Court's declaration that the standard of care was for general surgery. Therefore, the trial court did not abuse its discretion by refusing plaintiff's request to reinstate Dr. Campbell as a witness.

We affirm.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Brock A. Swartzle